Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
 Telephone:   (818) 265-1020
 Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NELSON RAMIREZ, individually, and on behalf of other members of the general public similarly situated;<br><br>            Plaintiff,<br><br>      vs.<br><br>HV GLOBAL MANAGEMENT CORPORATION, an unknown business entity; HV GLOBAL GROUP, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.:   5:21-cv-9955-BLF<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1)   Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2)   Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3)   Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4)   Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5)   Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6)   Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7)   Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(8)   Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff NELSON RAMIREZ ("Plaintiff"), individually, and on behalf

2  of other members of the general public similarly situated, and alleges as follows:

3                              **JURISDICTION AND VENUE**

4    1.    This class action was originally brought pursuant to the California Code of Civil

5  Procedure section 382 in the Superior Court for the County of Monterey.  The monetary damages

6  and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court

7  and will be established according to proof at trial.  The "amount in controversy" for the named

8  Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties,

9  wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand

10  dollars ($75,000).

11    2.    The Superior Court for the County of Monterey has jurisdiction over this action

12  pursuant to the California Constitution, Article VI, Section 10, which grants the superior court

13  "original jurisdiction in all other causes" except those given by statute to other courts.  The

14  statutes under which this action is brought do not specify any other basis for jurisdiction.

15    3.    The Superior Court for the County of Monterey has jurisdiction over Defendants

16  because, upon information and belief, Defendants are citizens of California, have sufficient

17  minimum contacts in California, or otherwise intentionally avail themselves of the California

18  market so as to render the exercise of jurisdiction over them by California courts consistent with

19  traditional notions of fair play and substantial justice.

20    4.    Venue is proper in the Superior Court for the County of Monterey because, upon

21  information and belief, Defendants maintain offices, have agents, employ individuals, and/or

22  transact business in the State of California, County of Monterey.  The majority of acts and

23  omissions alleged herein relating to Plaintiff and the other class members took place in the State

24  of California, including the County of Monterey.

25                                    **PARTIES**

26    5.    Plaintiff NELSON RAMIREZ is an individual residing in the State of California,

27  County of Monterey.

28    6.    Defendant HV GLOBAL MANAGEMENT CORPORATION, at all times herein

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Monterey.

7.    Defendant HV GLOBAL GROUP, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Monterey.

8.    At all relevant times, Defendant HV GLOBAL MANAGEMENT CORPORATION and Defendant HV GLOBAL GROUP, INC. were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9.    At all times herein relevant, Defendants HV GLOBAL MANAGEMENT CORPORATION, HV GLOBAL GROUP, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.    Defendant HV GLOBAL MANAGEMENT CORPORATION, HV GLOBAL GROUP, INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff bring this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14.     The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from November 3, 2017 to final judgment and who reside in California.

15.     Plaintiff reserves the right to establish subclasses as appropriate.

16.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.     <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.      <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.   The following common questions of law or fact, among others, exist as to the members of the class:

a.      Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.      Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.      Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.      Whether Defendants deprived Plaintiff and the other class members of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

l.      Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.      The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.      Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

18.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Monterey.

19.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

exempt employee, from approximately September 2010 to approximately September 2019, in the State of California, County of Monterey.

20.   In 2010, Defendants hired Plaintiff into the position of Busser in the State of California, City of Carmel at a rate of pay of $8.00 per hour.  During the covered period, from approximately 2016 until September 2019, Defendants employed Plaintiff as an hourly-paid, non-exempt Server in the State of California, City of Monterey.  During this time period, Plaintiff's rate of pay ranged from $10.00 per hour to $12.00 per hour.

21.   Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

22.   Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

23.   Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24.   Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

25.   Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26.   Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.   Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, short, late, and/or interrupted meal periods and missed, short, late, and/or interrupted rest breaks in violation of California law.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked. Defendants' failure includes, *inter alia*, failing to compensate Plaintiff and the other class members for job duties performed before and/or after their scheduled shifts such as providing customer service to clients.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

hours and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) hour to fourteen (14) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, short, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, short, late, and/or interrupted.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the accurate total number of hours worked by Plaintiff and the other class members and the accurate net and gross wages actually earned by Plaintiff and the other class members.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records. Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiff and the other class members.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

41.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

42.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

43.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

44.     During the relevant time period, Defendants failed to pay Plaintiff and the other

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   class members all wages owed to them upon discharge or resignation.

2   45.   During the relevant time period, Defendants failed to pay Plaintiff and the other

3   class members all wages within any time permissible under California law, including, *inter alia*,

4   California Labor Code section 204.

5   46.   During the relevant time period, Defendants failed to provide complete or

6   accurate wage statements to Plaintiff and the other class members.

7   47.   During the relevant time period, Defendants failed to keep complete or accurate

8   payroll records for Plaintiff and the other class members.

9   48.   During the relevant time period, Defendants failed to reimburse Plaintiff and the

10   other class members for all necessary business-related expenses and costs.

11   49.   During the relevant time period, Defendants failed to properly compensate

12   Plaintiff and the other class members pursuant to California law in order to increase Defendants'

13   profits.

14   50.   California Labor Code section 218 states that nothing in Article 1 of the Labor

15   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

16   to him [or her] under this article."

17   **FIRST CAUSE OF ACTION**

18   **(Violation of California Labor Code §§ 510 and 1198)**

19   **(Against HV GLOBAL MANAGEMENT CORPORATION,**

20   **HV GLOBAL GROUP, INC., and DOES 1 through 100)**

21   51.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1

22   through 50, and each and every part thereof with the same force and effect as though fully set

23   forth herein.

24   52.   California Labor Code section 1198 and the applicable Industrial Welfare

25   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

26   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

27   rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

28   53.   Specifically, the applicable IWC Wage Order provides that Defendants are and

were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

55.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including performing work duties off-the-clock at the direction of Defendants, such as providing customer service to clients.

57.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the putative class did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

58.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

59.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against HV GLOBAL MANAGEMENT CORPORATION,**

**HV GLOBAL GROUP, INC., and DOES 1 through 100)**

60.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

62.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

63.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

64.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted, off-duty meal period of not less than thirty (30) minutes

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and/or rest period.

2        66.   During the relevant time period, Plaintiff and the other class members who were

3   scheduled to work for a period of time in excess of six (6) hours were required to work for

4   periods longer than five (5) hours without an uninterrupted, off-duty meal period of not less than

5   thirty (30) minutes and/or rest period.

6        67.   During the relevant time period, Plaintiff and the other class members' meal periods

7   were missed, shortened, taken late, and/or were interrupted because Defendants required them to

8   perform work duties including, but not limited to, providing customer service to clients and serving

9   food and beverages at events at the employer's facilities.   By way of example, Plaintiff was

10  required to serve food and beverages at events that lasted at least 6 hours. Often times, when

11  Plaintiff was working these events, he was not authorized or permitted to take a full, uninterrupted,

12  timely thirty (30) minute meal break.

13       68.   As a result, Defendants failed to relieve Plaintiff and the other class members of all

14  duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to

15  permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or

16  discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end

17  of their fifth hour of work for shifts lasting more than five (5) hours, and/or to take second thirty

18  (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting

19  more than ten (10) hours.

20       69.   During the relevant time period, Defendants intentionally and willfully required

21  Plaintiff and the other class members to work during meal periods and failed to compensate

22  Plaintiff and the other class members the full meal period premium for work performed during

23  meal periods.

24       70.   During the relevant time period, Defendants failed to pay Plaintiff and the other

25  class members the full meal period premium due pursuant to California Labor Code section

26  226.7.

27       71.   Defendants' conduct violates applicable IWC Wage Order and California Labor

28  Code sections 226.7 and 512(a).

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

72.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against HV GLOBAL MANAGEMENT CORPORATION,**

**HV GLOBAL GROUP, INC., and DOES 1 through 100)**

73.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

75.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

76.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

77.     During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3½) or more hours without authorizing or permitting an off-duty, net ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

78.     During the relevant time period, Plaintiff and the other class members' rest periods

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to, providing customer service to clients and serving food and beverages at events, and Defendants failed to authorize or permit Plaintiff and the other class members or failed to relinquish control over Plaintiff and the other class members' activities in order to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.  By way of example, Plaintiff was required to serve food and beverages at events that lasted at least 6 hours. Often times when Plaintiff was working these events, he was not authorized or permitted to take a full, uninterrupted, timely and off-duty rest period.

79.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. For example, throughout his employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each four hours worked, or major fraction thereof, he was not provided with rest period premium payments.

80.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

81.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

82.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against HV GLOBAL MANAGEMENT CORPORATION,**

**HV GLOBAL GROUP, INC., and DOES 1 through 100)**

83.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

85.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, providing customer service to clients. Plaintiff spent time performing work duties off-the-clock throughout his employment with Defendants.

86.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

87.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

88.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

1   unpaid and interest thereon.

2   **FIFTH CAUSE OF ACTION**

3   **(Violation of California Labor Code §§ 201 and 202)**

4   **(Against HV GLOBAL MANAGEMENT CORPORATION,**

5   **HV GLOBAL GROUP, INC., and DOES 1 through 100)**

6   89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

7   through 88, and each and every part thereof with the same force and effect as though fully set

8   forth herein.

9   90.    At all relevant times herein set forth, California Labor Code sections 201 and 202

10   provide that  if an employer discharges an employee, the wages earned and unpaid at the time of

11   discharge are due and payable immediately, and if an employee quits his or her employment, his

12   or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

13   unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in

14   which case the employee is entitled to his or her wages at the time of quitting.

15   91.    During the relevant time period, Defendants intentionally and willfully failed to

16   pay Plaintiff and the other class members who were discharged, or who provided at least seventy-

17   two (72) hours' notice of their intention to quit, their wages, earned and unpaid, immediately at

18   the time of their discharge or separation.

19   92.    During the relevant time period, Defendants intentionally and willfully failed to

20   pay Plaintiff and the other class members who are no longer employed by Defendants their

21   wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

22   93.    Plaintiff was not paid at the time of his separation all wages earned and unpaid

23   throughout his employment, including but not limited to, minimum wages and overtime wages for

24   time worked off-the-clock and meal and rest period premium payments for short, late, interrupted,

25   and/or missed meal and rest periods.

26   94.    Defendants' failure to pay Plaintiff and the other class members who are no longer

27   employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their

28   leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

95.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against HV GLOBAL MANAGEMENT CORPORATION,

### HV GLOBAL GROUP, INC., and DOES 1 through 100)

97.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

99.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members.  As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize, and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off-the-clock or all meal and rest period premiums earned.

100.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.  Because Plaintiff and the putative class members' wage statements did not always reflect the accurate number of hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount.  In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations to reconstruct the missing information.

101.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

### SEVENTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against HV GLOBAL MANAGEMENT CORPORATION,**

**HV GLOBAL GROUP, INC., and DOES 1 through 100)**

102.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

1   through 101, and each and every part thereof with the same force and effect as though fully set
2   forth herein.

3       103.   Pursuant to California Labor Code sections 2800 and 2802, an employer must
4   reimburse its employee for all necessary expenditures incurred by the employee in direct
5   consequence of the discharge of his or her job duties or in direct consequence of his or her
6   obedience to the directions of the employer.

7       104.   Plaintiff and the other class members incurred necessary business-related
8   expenses and costs in direct consequence of the discharge of their job duties or in direct
9   consequence of their obedience to the directions of Defendants throughout the duration of their
10  employment that were not fully reimbursed by Defendants, including but not limited to, the use
11  of personal phones for business-related purposes and incurred costs to purchase clothing in order
12  to comply with Defendants' dress code.

13      105.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the
14  other class members for all necessary business-related expenses and costs.

15      106.   Plaintiff and the other class members are entitled to recover from Defendants their
16  business-related expenses and costs incurred during the course and scope of their employment,
17  plus interest accrued from the date on which the employee incurred the necessary expenditures
18  at the same rate as judgments in civil actions in the State of California.

19  **EIGHTH CAUSE OF ACTION**

20  **(Violation of California Business & Professions Code §§ 17200, et seq.)**

21  **(Against HV GLOBAL MANAGEMENT CORPORATION,**

22  **HV GLOBAL GROUP, INC., and DOES 1 through 100)**

23      107.   Plaintiff incorporates by reference the allegations contained in paragraphs 1
24  through 106, and each and every part thereof with the same force and effect as though fully set
25  forth herein.

26      108.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,
27  unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'
28  competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public interest

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    within the meaning of Code of Civil Procedure section 1021.5.

2        109.    Defendants' activities as alleged herein are violations of California law, and

3    constitute unlawful business acts and practices in violation of California Business & Professions

4    Code section 17200, et seq.

5        110.    A violation of California Business & Professions Code section 17200, et seq. may

6    be predicated on the violation of any state or federal law.   In this instant case, Defendants'

7    policies and practices of requiring employees, including Plaintiff and the other class members,

8    to work overtime without paying them proper compensation violate California Labor Code

9    sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees,

10   including Plaintiff and the other class members, to work through their meal and rest periods

11   without paying them proper compensation violate California Labor Code sections 226.7 and

12   512(a).  Defendants' policies and practices of failing to pay minimum wages violate California

13   Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of

14   failing to timely pay wages to Plaintiff and the other class members violate California Labor

15   Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a),

16   2800 and 2802.

17       111.    As a result of the herein described violations of California law, Defendants

18   unlawfully gained an unfair advantage over other businesses.

19       112.    Plaintiff and the other class members have been personally injured by Defendants'

20   unlawful business acts and practices as alleged herein, including but not necessarily limited to

21   the loss of money and/or property.

22       113.    Pursuant to California Business & Professions Code sections 17200, et seq.,

23   Plaintiff and the other class members are entitled to restitution of the wages withheld and retained

24   by Defendants during a period that commences on November 3, 2017; an award of attorneys'

25   fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws;

26   and an award of costs.

27                              **DEMAND FOR JURY TRIAL**

28       Plaintiff, individually, and on behalf of other members of the general public similarly

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   situated, requests a trial by jury.

2                                    **PRAYER FOR RELIEF**

3          WHEREFORE, Plaintiff, individually, and on behalf of other members of the general

4   public similarly situated, prays for relief and judgment against Defendants, jointly and severally,

5   as follows:

6                                    **Class Certification**

7          1.      That this action be certified as a class action;

8          2.      That Plaintiff be appointed as the representative of the Class;

9          3.      That counsel for Plaintiff be appointed as Class Counsel; and

10         4.      That Defendants provide to Class Counsel immediately the names and most

11  current/last known contact information (address, e-mail and telephone numbers) of all class

12  members.

13                               **As to the First Cause of Action**

14         5.      That the Court declare, adjudge and decree that Defendants violated California

15  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

16  all overtime wages due to Plaintiff and the other class members;

17         6.      For general unpaid wages at overtime wage rates and such general and special

18  damages as may be appropriate;

19         7.      For pre-judgment interest on any unpaid overtime compensation commencing

20  from the date such amounts were due;

21         8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

22  California Labor Code section 1194; and

23         9.      For such other and further relief as the Court may deem just and proper.

24                             **As to the Second Cause of Action**

25         10.     That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

27  provide all meal periods (including second meal periods) to Plaintiff and the other class

28  members;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be

1    appropriate;

2        25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for

3    Plaintiff and the other class members in the amount as may be established according to proof at

4    trial;

5        26.    For pre-judgment interest on any unpaid compensation from the date such

6    amounts were due;

7        27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

8    California Labor Code section 1194(a);

9        28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

10       29.    For such other and further relief as the Court may deem just and proper.

11                    **As to the Fifth Cause of Action**

12       30.    That the Court declare, adjudge and decree that Defendants violated California

13   Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

14   time of termination of the employment of Plaintiff and the other class members no longer

15   employed by Defendants;

16       31.    For all actual, consequential, and incidental losses and damages, according to

17   proof;

18       32.    For statutory wage penalties pursuant to California Labor Code section 203 for

19   Plaintiff and the other class members who have left Defendants' employ;

20       33.    For pre-judgment interest on any unpaid compensation from the date such

21   amounts were due; and

22       34.    For such other and further relief as the Court may deem just and proper.

23                    **As to the Sixth Cause of Action**

24       35.    That the Court declare, adjudge and decree that Defendants violated the record

25   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

26   as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

27   wage statements thereto;

28       36.    For actual, consequential and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  and

2       37.   For such other and further relief as the Court may deem just and proper.

3                    **As to the Seventh Cause of Action**

4       38.   That the Court declare, adjudge and decree that Defendants violated California

5  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class

6  members for all necessary business-related expenses as required by California Labor Code

7  sections 2800 and 2802;

8       39.   For actual, consequential and incidental losses and damages, according to proof;

9       40.   For reasonable attorneys' fees and costs of suit incurred herein; and

10      41.   For such other and further relief as the Court may deem just and proper.

11                   **As to the Eighth Cause of Action**

12      42.   That the Court decree, adjudge and decree that Defendants violated California

13  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

14  other class members all overtime compensation due to them, failing to provide all meal and rest

15  periods to Plaintiff and the other class members, failing to pay at least minimum wages to

16  Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

17  wages timely as required by California Labor Code section 201 and 202 and by violating

18  California Labor Code sections 226(a), 2800 and 2802.

19      43.   For restitution of unpaid wages to Plaintiff and all the other class members and

20  all pre-judgment interest from the day such amounts were due and payable;

21      44.   For the appointment of a receiver to receive, manage and distribute any and all

22  funds disgorged from Defendants and determined to have been wrongfully acquired by

23  Defendants as a result of violation of California Business and Professions Code sections 17200,

24  et seq.;

25      45.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Code of Civil Procedure section 1021.5; and

27      46.   For such other and further relief as the Court may deem just and proper.

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Dated: February 7, 2022

**LAWYERS** *for* **JUSTICE, PC**

By: /s/ Edwin Aiwazian

Edwin Aiwazian
*Attorneys for* Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL