**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NELSON RAMIREZ,<br><br>   Plaintiff,<br><br> v.<br><br>HV GLOBAL MANAGEMENT CORPORATION, et al.,<br><br>   Defendants. | Case No. 21-cv-09955-BLF<br><br>**ORDER GRANTING IN PART AND DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 21] |

Plaintiff Nelson Ramirez filed this case against Defendants HV Global Management Corporation and HV Global Group, Inc., alleging violations of California Labor Code and Business & Professions Code. Now before the Court is Defendants' motion to dismiss the First Amended Complaint. ECF No. 21 ("MTD"); *see also* ECF No. 24 ("Reply"). Defendants argue that none of Plaintiffs' claims is sufficiently pled under Rule 12(b)(6) and that there is no personal jurisdiction over HV Global Group, Inc. under Rule 12(b)(1). Plaintiffs oppose the motion. ECF No. 22 ("Opp."). The Court previously found this motion suitable for disposition without oral argument and vacated the hearing. ECF No. 41; Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss the First Amended Complaint.

**I. BACKGROUND**

As alleged in the First Amended Complaint, Defendants employed Ramirez as a non-exempt employee from September 2010 to September 2019 and during that time failed to compensate him for hours he worked and missed meal periods and rest breaks. ECF No. 17 ("FAC") ¶¶ 19, 27. Ramirez alleges that he was paid $8.00 per hour from 2010 to 2016 and $10–$12 per hour from approximately 2016 through September 2019. *Id.* ¶ 20. Ramirez seeks to

1   represent a class of all current and former hourly-paid and non-exempt employees who worked for
2   Defendants in California in the last four years.  *Id.* ¶ 14.  Ramirez brings seven claims under the
3   California Labor Code and one claim under California's Unfair Competition Law.  *See id.* ¶¶ 51–
4   113.

## II.  MOTION TO DISMISS – RULE 12(B)(6)

### A.  Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B.  Analysis

Defendants urge the Court to dismiss all of Ramirez's claims under Rule 12(b)(6).  Each of their arguments falls in the same vein:  that there are no factual allegations that support Ramirez's claims that Defendants violated California labor law.  *See, e.g.*, MTD at 13 (as to meal period claims, Ramirez does not allege "anything about how these alleged meal break violations

United States District Court
Northern District of California

1  happened, when and where they happened, who was responsible, or how often they occurred"); *id.*
2  at 16–17 (as to unpaid wages and overtime claims, Ramirez "fails to allege that, during any actual
3  identified work week, he and/or any putative class members were entitled to either minimum wage
4  or overtime compensation, but did not receive it"). In response to these arguments, in addition to
5  defending the allegations supporting each cause of action, Ramirez claims that Defendants are
6  holding him to an improperly high pleading standard because "[t]he standards for 'plausibility' are
7  different in the context of wage-and-hour cases than they are for other cases." Opp. at 5. The
8  Court first considers the applicable pleading standard before analyzing the allegations supporting
9  each cause of action.

### i. Pleading Standard for Wage-and-Hour Claims

The parties dispute the applicable pleading standard to the wage-and-hour claims in this case. Ramirez asserts that "[t]he standards for 'plausibility' are different in the context of wage-and-hour cases" than for other cases and that all that is necessary to state claims is to "allege that earned wages were denied." Opp. at 5. Ramirez points to other "so-called 'skeletal' wage-and-hour pleadings" allegedly similar to his own that survived motions to dismiss. *Id.* Defendants argue that multiple courts have rejected Ramirez's argument that a lower pleading standard applies to wage-and-hour claims, and that the Ninth Circuit's decision in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), establishes what is required. Reply at 7–8.

The Court agrees with Defendants. Multiple courts have rejected Ramirez's assertion that "skeletal" wage-and-hour complaints can survive Rule 12(b)(6) motions. For example, in *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017), the court found this exact argument to run headlong into *Landers*. "Although . . . detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate." *Id.* (quoting *Landers*, 771 F.3d at 644). To allow conclusory allegations to suffice would "run[] afoul of the Supreme Court's pronouncement in *Iqbal* that a [p]laintiff's pleading burden cannot be discharged by '[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Landers*, 771 F.3d at 645 (quoting *Iqbal*, 556

3

U.S. at 678).¹  Under *Landers*, a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.*  Ramirez's position that some lower pleading standard applies is thus "inaccurate and unsupported by the case law." *Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 n.16 (C.D. Cal. Feb. 25, 2016); *see also Alvarado v. Amazon*, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022) (dismissing wage-and-hour claims under *Landers*).

And this isn't the first time Ramirez's counsel has been admonished by a court for filing a boilerplate complaint.  *See FEAO v. UFP Riverside, LLC*, 2017 WL 2836207, at *10 (C.D. Cal. Jun. 29, 2017) (imposing Rule 11 sanctions).  As a blatant example of the boilerplate nature of the operative complaint, the Court notes that Ramirez didn't even bother to replace the jurisdictional allegations pertaining to "The Superior Court for the County of Monterey," FAC ¶¶ 2–4, with the correct allegations regarding federal jurisdiction and venue.  Such a correction was required even though a motion to remand was pending under CAFA's amount-in-controversy requirement.

### ii. Ramirez's Claims

The Court now examines each of Ramirez's eight causes of action.  In light of the pleading standard articulated in *Landers* and applied in numerous cases throughout the Circuit, Ramirez has not adequately pled any of his claims.

<u>Claims 1, 4 – Unpaid Wages and Overtime Wages</u>.  Ramirez's first claim is for failure to pay overtime wages in violation of California Labor Code §§ 510, 1198, FAC ¶¶ 51–59; and his fourth claim is for failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, 1197.1.  FAC ¶¶ 83–88.  Defendants argue that these claims must be dismissed because Ramirez has failed to allege when he worked in excessive of forty hours and was not paid overtime, or when he was not paid minimum wages.  *See* MTD at 16–19.  Ramirez argues that his allegations meet the requirements in *Landers* because he has identified tasks for which he was not

---

¹ Although *Landers* considered only federal Fair Labor Standards Act claims, numerous courts have applied *Landers* to claims brought in federal court under the California Labor Code.  *See, e.g.*, *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016).

4

paid and alleged that he regularly worked in excess of eight hours per day and forty hours per week. Opp. at 8–10.

The Court finds that Ramirez has not adequately pled his claims for unpaid wages and overtime as required by *Landers*. *Landers* made quite clear what was required. Absent from the complaint in *Landers* "was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." 771 F.3d at 646. The Ninth Circuit held that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* (quoting *Dejesus v. H.F. Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013)). Landers' allegations also failed to provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* (citing *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013)).

Ramirez has failed to satisfy these standards. The First Amended Complaint is devoid of any factual allegations substantiating Ramirez's claims. Ramirez does not allege a "given workweek" when he worked in excess of forty hours and wasn't paid overtime, or was not paid minimum wages. *Landers*, 771 F.3d at 646. Nor does Ramirez provide any detail about "the length and frequency" of that unpaid work. *Id.* The Court acknowledges that Ramirez has alleged his pay rate range throughout the covered period, and that Ramirez says that he worked additional hours "providing customer service" to clients. *See* FAC ¶¶ 20, 28. But providing "customer service" to clients is a far too generic allegation (1) to establish that there was at least one workweek in which Ramirez was not compensated for regular- or overtime or (2) to provide sufficient detail about the length and frequency of unpaid work. *See Bush v. Vaco*, 2018 WL 2047807, at *8–9 (insufficient facts pled to support inference that unpaid work occurred where plaintiff alleged that she "regularly" worked more than statutory requirements).

Ramirez's allegations thus "raise the possibility of undercompensation," but "a possibility

is not the same as plausibility." *Landers*, 771 F.3d at 646 (quoting *Nakahata*, 723 F.3d at 201). To be clear, the Court is not requiring Ramirez to identify a calendar week or particular instance where he was denied wages, but only to plead specific facts that raise a plausible inference that such an instance actually occurred. He has not done that in the operative pleading. These two claims are thus DISMISSED WITH LEAVE TO AMEND.

Claims 2–3 – Meal and Rest Breaks. Ramirez's second and third claims are for failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7, 512(a). FAC ¶¶ 60–82. Defendants argue that these claims must be dismissed because the allegations merely parrot the statutory language and do not state at least one occasion on which Ramirez or putative class members were prevented from taking a meal or rest break. MTD at 12–16. Ramirez says that he has pointed to a specific example and that nothing in the California Labor Code requires him to plead "every violation" that Defendants committed. Opp. at 6–8.

The Court agrees with Defendants that these claims must be dismissed as pled. To state a claim for failure to provide required rest or meal periods, Ramirez must at least allege either a specific corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break. *Alvarado*, 2022 WL 899850, at *2; *see also Wright v. Frontier Mgmt. LLC*, 2021 WL 2210739, at *2–3 (E.D. Cal. Jun. 1, 2021) (no allegation of specific instance in which defendants interfered with meal or rest breaks); *Guerrero v. Halliburton Energy Servs.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (same). Ramirez has failed to do so here. Ramirez points to only one purported example in each claim:

> By way of example, Plaintiff was required to serve food and beverages at events that lasted at least six hours. Often times when Plaintiff was working these events, he was not authorized or permitted to take a full, uninterrupted, and timely thirty (30) minute meal break.

FAC ¶ 67; *see also id.* ¶ 78 (same, except Ramirez allegedly not allowed to take "a full, uninterrupted, timely and off-duty rest period"). But this allegation still does not allege a "specific instance or instances" in which Ramirez was denied a rest or meal break. The example Ramirez provides is not "specific"—instead, it says that he generally was required to serve food and beverages at six-hour events. But there is no allegation of any specific event at which he worked

6

1  for longer than six hours and was denied a rest or meal break. Alleging generally that Ramirez
2  worked "events that lasted at least six hours" does not put Defendants on notice of any specific
3  instance of this happening. Neither has Ramirez alleged that this "example" is representative of a
4  corporate policy of Defendants that more generally denied or interfered with meal or rest breaks.
5  The case that Ramirez cites that denied a motion to dismiss a complaint with similar allegations
6  predates *Landers* and is thus not instructive on what is required to state claims for meal or rest
7  break violations. *See* Opp. at 7–8 (citing *Ambriz v. Coca Cola Co.*, 2013 U.S. Dist. LEXIS
8  158513 (N.D. Cal. Nov. 5, 2013)). Ramirez also says that the California Labor Code does not
9  require him to state these details about his claim, Opp. at 7, but these requirements are imposed by
10 federal pleading standards as articulated in *Landers*, not by the California Labor Code.

These two claims are thus DISMISSED WITH LEAVE TO AMEND.

Claims 5–6 – Wages for Terminated/Resigned Employees and Wage Statements.
Ramirez's fifth claim is for failure to pay wages for terminated or resigned employees in violation of California Labor Code §§ 201, 202, FAC ¶¶ 89–96, and his sixth claim is for failure to provide accurate wage statements in violation of California Labor Code §§ 226(a), FAC ¶¶ 97–101. These claims are derivative of the wage, meal period, and rest break claims. *See Bush*, 2018 WL 2047807, at *10 (dismissing wage statement and terminated/resigned employee wage claims where predicate claims of failure to pay regular and overtime wages were not adequately pled); *accord Alvarado*, 2022 WL 899850, at *2. Because the Court has determined that the predicate claims are not adequately pled, these claims are also DISMISSED WITH LEAVE TO AMEND. The Court need not consider Defendants' other arguments for dismissing these claims.

Claim 7 – Reimbursements. Ramirez's seventh claim is for failure to reimburse business expenses in violation of California Labor Code §§ 2800, 2802. FAC ¶¶ 102–106. Defendants argue that this claim must be dismissed because Ramirez has failed to allege (1) how any unreimbursed cell phone use was for business matters or (2) how his clothing purchases amounted to a special "uniform" for which he should have been reimbursed. MTD at 22–23. Ramirez defends the allegations in his First Amended Complaint. Opp. at 12–13.

The Court finds that the claim is not adequately pled. To state a claim for failure to

reimburse business expenses, a plaintiff must allege a specific instance in which he was not reimbursed for expenses that were within his job duties. *Alvarado*, 2022 WL 899850, at *2 (citing *Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *6 (C.D. Cal. Apr. 20, 2017)). Ramirez alleges that he incurred costs for "the use of personal phones for business-related purposes" and "to purchase clothing in order to comply with Defendants' dress code." FAC ¶ 104. Neither allegation is sufficient. As to the use of a personal phone, Ramirez has failed to allege any supporting details about his phone use, such as "whether [he] incurred any actual expenses related to the use of [his] cell phone[]; whether [he] requested Defendants reimburse [him] for those expenses; or that Defendants refused to tender any requested reimbursements." *Wright*, 2021 WL 2210739, at *4. And as to his claim related to the purchase of clothing, Ramirez fails to allege facts supporting the inference that the clothing was more than basic wardrobe items to which he would not be entitled to reimbursement. *See, e.g.*, *Townley v. BJ's Restaurants, Inc.*, 37 Cal. App. 5th 179, 185 (2019) (slip-resistant shoes not a "necessary expenditure" under Section 2802 such that employee needed to be reimbursed for cost because they were generally usable in the industry and thus not a "uniform").

Ramirez's claim for failure to reimburse business expenses is thus DISMISSED WITH LEAVE TO AMEND.

Claim 8 – UCL. Ramirez's final claim is for violation of the unlawful prong[2] of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* FAC ¶¶ 107–113. A UCL unlawful claim fails where no predicate violation of the California Labor Code is plausibly pled. *See Yang v. Francesca's Collections, Inc.*, 2018 WL 984637, at *8 (N.D. Cal. Feb. 20, 2018 (dismissing UCL unlawful claim as derivate of other failed claims for Labor Code violations); *accord Alvarado*, 2022 WL 899850, at *2. Because the Court has dismissed all of Ramirez's California Labor Code claims, the UCL claim must also be DISMISSED WITH LEAVE TO

---

[2] Ramirez does in passing characterize Defendants' conduct as "unfair" in his UCL claim. *See* FAC ¶ 108 (Defendants' conduct is "unfair, unlawful and harmful" to him and the class). The remainder of the UCL claim makes clear that it is brought under the unlawful prong only. *See, e.g.*, *id.* ¶ 110 (listing violations of law and stating that a violation of the UCL "may be predicated on the violation of any state or federal law"). Ramirez does not contend in opposition to the motion to dismiss that he is attempting to state a claim under the "unfair" prong of the UCL.

8

1 AMEND.

### iii. Joint Employers

Defendants also move to dismiss Defendant HV Global Group, Inc. from the case because the First Amended Complaint fails to allege facts to support Ramirez's claim that both Defendants are his joint employers. MTD at 26; Reply at 16–18. Ramirez says that he has adequately alleged that the Defendants are joint employers. Opp. at 14–16.

The Court finds that the First Amended Complaint does not adequately distinguish between the two Defendants. Courts dismiss complaints that make "undifferentiated allegations" against multiple defendants because those allegations "fail to individually describe the amount of control exerted by each alleged joint employer." *Holtegaard v. Howroyd-Wright Emp. Agency, Inc.*, 2020 WL 6051328, at *3 (C.D. Cal. Aug. 11, 2020); *see also Manukyan v. Cach, LLC*, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012). That is the case with the First Amended Complaint here. Other than individually naming the Defendants in separate paragraphs in the "Parties" section of the First Amended Complaint, *see* FAC ¶¶ 6–9, the First Amended Complaint refers to HV Global Management Corporation and HV Global Group, Inc. collectively as "Defendants." *Id.* ¶ 11. This is not sufficient to state specific facts as to "each alleged joint employer." *Holtegaard*, 2020 WL 6051328, at *3. The allegations to which Ramirez points in opposition simply refer to the "Defendants" and thus do not differentiate between either entity. *See* Opp. at 15–16. In an amended complaint, Ramirez must either dismiss one of the Defendants or provide sufficient allegations to individually describe the control exerted by each Defendant.

### iv. Class Member Allegations

Defendants also argue that the Court should dismiss Ramirez's class allegations because Ramirez has failed to allege sufficient facts regarding any putative class members. *See* MTD at 14–15; Reply at 18–19. Because the Court has found that the none of the claims in the First Amended Complaint is adequately pled, the Court need not consider whether the claims are adequately pled as to putative class members. In amending his complaint, however, Ramirez should consider Defendants' arguments regarding the plausibility of his allegations that the putative class members had similar work experiences to those that he alleges he encountered.

   **v. Leave to Amend**

Defendants urge the Court to deny leave to amend because Ramirez has already amended his complaint. *See* MTD at 27. Ramirez, however, amended as of right in response to Defendants' original motion to dismiss, so this is the first time that Ramirez has received the Court's guidance as to the sufficiency of his complaint. Because amendment would not be futile, the dismissal of the claims in the First Amended Complaint is with leave to amend.

**III. MOTION TO DISMISS – RULE 12(B)(2)**

  **A. Legal Standard**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). California's long-arm statute is coextensive with federal due process requirements. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden*, 571 U.S. at 283 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id*. "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but the uncontroverted allegations in the complaint must be accepted as true. *Schwarzenegger*, 374 F.3d at 800 (quotation marks and citation omitted). Factual disputes created by conflicting affidavits must be resolved in the plaintiff's favor. *Id.*

Personal jurisdiction may be either general or specific. General personal jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation marks and citation omitted). Specific personal jurisdiction exists when the defendant's contacts with the

10

1    forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id.* at

2    127–28.

### B.  Analysis

Defendants raise the personal jurisdiction issue in a footnote in their motion. *See* MTD at 26 n.2. While Defendants are correct that a plaintiff bears the burden of demonstrating jurisdiction over a defendant after defendant moves to dismiss for lack of personal jurisdiction, *see Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006), the Court declines to reach this issue. "Arguments raised only in footnotes, or only on reply, are generally deemed waived and need not be considered." *Holley v. Gilead Scis., Inc.*, 379 F. Supp. 3d 809, 834 (N.D. Cal. 2019) (quoting *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014)). The motion to dismiss for lack of personal jurisdiction is thus DENIED. Because the Court does not consider the personal jurisdiction issue, Ramirez's corresponding request for judicial notice is DENIED AS MOOT. This ruling is made without prejudice to Defendants reasserting the argument of lack of personal jurisdiction in the event Ramirez files a Second Amended Complaint.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Defendants' motion to dismiss the first and fourth claims for failure to pay minimum wage and overtime wages is GRANTED WITH LEAVE TO AMEND;
- Defendants' motion to dismiss the second and third claims for meal and rest break violations is GRANTED WITH LEAVE TO AMEND;
- Defendants' motion to dismiss the fifth and six claims for wage statement violations and failure to pay wages for terminated or resigned employees is GRANTED WITH LEAVE TO AMEND;
- Defendants' motion to dismiss the seventh claim for failure to pay reimbursements is GRANTED WITH LEAVE TO AMEND;
- Defendants' motion to dismiss the eighth claim for violation of the unlawful prong of the UCL is GRANTED WITH LEAVE TO AMEND;
- Defendants' motion to dismiss for failure to allege facts to establish that

Defendants are joint employers is GRANTED;

- Defendants' motion to dismiss the class allegations is DENIED WITHOUT PREJUDICE; and
- Defendants' motion to dismiss HVGG for lack of personal jurisdiction is DENIED WITHOUT PREJUDICE.

Ramirez SHALL file an amended complaint **no later than 30 days following this Order**. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Ramirez's claims with prejudice. Leave to amend is limited to the defects addressed in this Order. Ramirez may not add new claims or parties absent express leave of Court.

Dated: June 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge