1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 NELSON RAMIREZ,                          Case No.  21-cv-09955-BLF

8                  Plaintiff,

9          v.                              **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART MOTION TO**
10 HV GLOBAL MANAGEMENT                    **DISMISS THE SECOND AMENDED**
   CORPORATION, et al.,                    **COMPLAINT WITH LEAVE TO**
11                                         **AMEND IN PART AND WITHOUT**
                 Defendants.               **LEAVE TO AMEND IN PART**
12
                                           [Re:  ECF No. 51]
13

14          Plaintiff Nelson Ramirez filed suit against Defendant HV Global Management Corporation

15 alleging violations of California Labor Code and Business & Professions Code.  *See* ECF No. 45

16 ("SAC").  Now before the Court is Defendant's motion to dismiss the Second Amended

17 Complaint.  ECF No. 51 ("MTD"); *see also* ECF No. 54 ("Reply").  Defendant argues that none of

18 Plaintiff's claims is sufficiently pled under Rule 12(b)(6).  Plaintiff opposes the motion.  ECF No.

19 53 ("Opp.").  The Court held a hearing on the motion on January 19, 2023.  *See* ECF No. 58.  For

20 the reasons stated on the record at the hearing and explained below, the Court GRANTS IN PART

21 and DENIES IN PART the motion to dismiss the Second Amended Complaint WITH LEAVE TO

22 AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.

23 **I.     ALL CAUSES OF ACTION AND CLASS MEMBER ALLEGATIONS**

24          The Court's Order on the Motion to Dismiss the First Amended Complaint ("MTD FAC

25 Order") addresses why Plaintiff's claims are being dismissed and what is required of Plaintiff to

26 adequately plead his claims.  *See* ECF No. 42.  Plaintiff failed to apply the Court's requirements

27 for an amended complaint and nothing in the SAC passes muster.  The Court's prior Order clearly

28 addresses the deficiencies in the SAC.  The Court has attached the MTD FAC Order here and

United States District Court
Northern District of California

refers Plaintiff to that Order in amending his causes of action and class member allegations.

## II.   CLAIM 6: WAGE STATEMENT VIOLATIONS

Plaintiff's sixth cause of action is for failure to provide accurate wage statements in violation of California Labor Code § 226(a).  *See* SAC ¶¶ 97–104.  Labor Code § 226 identifies nine categories of information that must be included in a wage statement, and it provides that an employee who suffers injury by an employer's knowing and intentional failure to provide such information is entitled to damages.  Cal. Labor Code § 226.  Defendant argues that the Court should dismiss the cause of action because Section 226 does not permit recovery for wage statement claims that are purely derivative of other claims.  MTD at 26-27.

A plaintiff cannot state a claim for a wage statement violation that is completely derivative of their wage and hour claims.  *Krauss v. Wal-Mart, Inc.*, No. 2:19-cv-00838-JAM-DB, 2019 WL 6170770, at *4 (E.D. Cal. Nov. 20, 2019) (citing *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1337 (2018)).  A wage statement claim that is completely derivative of other claims would provide "an impermissible double recovery."  *Castro v. Wal-Mart, Inc.*, No. 2:20-cv-00928-JAM-KJN, 2020 WL 4748167, at *2 (E.D. Cal. Aug. 17, 2020) (citing *Maldonado*, 22 Cal. App. 5th at 1336).  To the extent that Ramirez's wage statement claim is derivative of his other claims, it is DISMISSED WITHOUT LEAVE TO AMEND.

## III.   EQUITABLE RELIEF

Plaintiff's eighth cause of action is for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*  SAC ¶¶ 110–116.  Defendant argues that the Court should dismiss or strike this cause of action because Ramirez has not pleaded an inadequate remedy at law, as required for a plaintiff to obtain equitable relief.  MTD at 28-29.

For a district court to entertain a request for equitable relief, the plaintiff must have no adequate legal remedy.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  A plaintiff cannot state a claim for equitable relief "if the pleading does not demonstrate the inadequacy of a legal remedy."  *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021).  A plaintiff may plead a claim for equitable relief in the alternative.  *See, e.g., Freeman v. Indochino Apparel, Inc.*, 443 F.Supp.3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims

United States District Court
Northern District of California

1 | in the alternative at the pleading stage."); *Sagastume v. Psychemedics Corp.*, No. CV 20-6624

2 | DSF (GJSx), 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("Sonner does not hold that

3 | plaintiffs may not seek alternative remedies at the pleading stage.") (citation omitted).  The eighth

4 | cause of action is DISMISSED WITH LEAVE TO AMEND.

5 | **IV.   ORDER**

6 |      For the foregoing reasons, IT IS HEREBY ORDERED that:

7 | • Defendant's motion to dismiss the first and fourth claims for failure to pay

8 | minimum wage and overtime wages is GRANTED WITH LEAVE TO AMEND;

9 | • Defendant's motion to dismiss the second and third claims for meal and rest break

10 | violations is GRANTED WITH LEAVE TO AMEND;

11 | • Defendant's motion to dismiss the fifth claim for failure to pay wages for

12 | terminated or resigned employees is GRANTED WITH LEAVE TO AMEND;

13 | • Defendant's motion to dismiss the sixth claim for wage statement violations is

14 | GRANTED, and this grant is WITHOUT LEAVE TO AMEND to the extent that

15 | the violations are derivative of other claims;

16 | • Defendant's motion to dismiss the seventh claim for failure to pay reimbursements

17 | is GRANTED WITH LEAVE TO AMEND;

18 | • Defendant's motion to dismiss the eighth claim for failure to state a claim and

19 | failure to plead the inadequacy of legal remedies is GRANTED WITH LEAVE TO

20 | AMEND; and

21 | • Defendant's motion to dismiss the class allegations is DENIED WITHOUT

22 | PREJUDICE.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

*United States District Court*
*Northern District of California*

3

Ramirez SHALL file an amended complaint **no later than 14 days following this Order**.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Ramirez's claims with prejudice.  Leave to amend is limited to the defects addressed in this Order.  Ramirez may not add new claims or parties absent express leave of Court.

Dated:  January 19, 2023

_____

BETH LABSON FREEMAN
United States District Judge