United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON RAMIREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>HV GLOBAL MANAGEMENT CORPORATION, et al.,<br><br>  Defendants. | Case No. 21-cv-09955-BLF   (VKD)<br><br>**ORDER RE PLAINTIFF'S DISCOVERY OF DEFENDANT**<br><br>Re: Dkt. Nos. 80, 82, 84, 85 |

The parties asked the Court to resolve several discovery disputes. *See* Dkt. Nos. 80, 82, 84, 85. The Court held a hearing on all of these disputes on May 16, 2023. For the reasons explained on the record, the Court resolves the disputes as follows and orders further proceedings, as set forth below:

**1.   Dkt. No. 80:  Complaints**

Plaintiff asks defendant to produce complaints or grievances received by defendant's human resources personnel or its management from class members (or any administrative or civil complaints filed against defendant during the class period) regarding unpaid overtime wages, meal and rest breaks, payment of wages upon termination or resignation, and/or reimbursement of business expenses; documents reflecting defendant's investigation of any such complaints or grievances; and documents reflecting any disciplinary action taken against class members for making or filing any such complaints or grievances. *See* Dkt. No. 80 (RFPs 29, 30, 32, 34). The Court agrees that these records are responsive and should be produced. The parties must confer regarding the most efficient means to identify either a sample of class member files to be reviewed for responsive documents, or a proposal for collection and review of ESI for responsive

documents. The parties shall report back to the Court by **May 23, 2023** regarding their agreed or respective proposals for identifying responsive documents.

### 2. Dkt. No. 82: Class member contact information

Plaintiff asks defendant to identify the full name, home address, cell phone number, and email address for each of the approximately 260 class members within the scope of the putative class. Dkt. No. 82 (Interrogatories Nos. 1 and 2). Defendant says that production of contact information is not burdensome, but it objects that the request is premature and broader than the likely scope of the putative class. In addition, defendant believes a *Belaire-West*[1] opt-out process is necessary to address the privacy interests implicated by the disclosure of employee contact information. The Court agrees with plaintiffs that defendant should produce contact information for all putative class members. This production will be subject to a *Belaire-West* process. The parties must confer about the details of the *Belaire-West* process, including the timing and content of the notice to class members. The parties shall report back to the Court by **May 23, 2023** regarding their agreed or respective proposals.

### 3. Dkt. No. 84: Communications re this case

Plaintiff asks for defendant's communications with putative class members that contain the case name, the complaint, and/or the case number for this action. Dkt. No. 84 (RFPs 47 and 66, as narrowed). Defendant represents that, to date, there have been no such communications. The Court agrees with plaintiff that any such documents that exist now or in the future must be produced. *See* Fed. R. Civ. P. 26(e). Defendant may not redact the employee names that appear in any such documents, but may produce those documents pursuant to the protective order, if appropriate. Any privilege claims must comply with Rule 26(b)(5).

### 4. Dkt. No. 85: Work schedules and meeting records

Plaintiff asks defendant to produce work schedules corresponding to the sample of wage and time records defendant has already agreed to produce. Dkt. No. 85 (RFP 50). Defendant objects that work schedules do not reflect when an employee actually worked. In addition,

---

[1] *Belaire-West Landscape v. Superior Court*, 149 Cal. App. 4th 554 (2007).

defendant objects that this request would require a manual review of records because the schedules are not maintained on an employee-specific basis, but rather on a department-specific basis. *Id.* at 4. The Court agrees that work schedules should be produced, but on a sampled basis that does not impose an undue burden on defendant. The parties must confer regarding the nature and extent of the sample, and shall report back to the Court by **May 29, 2023** regarding their agreed or respective proposals.

Plaintiff also asks defendant to produce records of meetings concerning wage and hour issues. Dkt. No. 85 (RFP 68). Defendant represents that there are no meetings for which regular minutes are kept, and there is no centralized repository of meeting records. The Court agrees that these records should be produced as part of the collection and review of ESI for responsive documents.

**IT IS SO ORDERED.**

Dated: May 17, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge