UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON RAMIREZ,<br><br>   Plaintiff,<br><br>v.<br><br>HV GLOBAL MANAGEMENT CORPORATION, et al.,<br><br>   Defendants. | Case No. 21-cv-09955-BLF<br><br>**ORDER GRANTING IN PART WITHOUT LEAVE TO AMEND AND DENYING IN PART MOTION TO DISMISS AND/OR STRIKE THIRD AMENDED COMPLAINT**<br><br>[Re: ECF No. 65] |

Plaintiff Nelson Ramirez brings this case against Defendant HV Global Management Corporation alleging violations of the California Labor Code and the California Business & Professions Code. Now before the Court is Defendant's motion to dismiss and/or strike the Third Amended Complaint. ECF No. 65 ("MTD"); *see also* ECF No. 71 ("Reply"). Plaintiff opposes the motion. ECF No. 70 ("Opp."). The Court held a hearing on the motion on June 22, 2023. *See* ECF No. 99. For the following reasons, the Court GRANTS IN PART WITHOUT LEAVE TO AMEND and DENIES IN PART the motion to dismiss and/or strike the Third Amended Complaint.

I.   **BACKGROUND**

As alleged in the Third Amended Complaint, Defendants employed Ramirez as a non-exempt employee from September 2010 to September 2019 and during that time failed to compensate him for hours he worked and missed meal periods and rest breaks. ECF No. 64 ("TAC") ¶¶ 17, 19. Ramirez alleges that he was paid $10.00 per hour as a server. *Id.* ¶ 18. Ramirez seeks to represent a class of all current and former hourly-paid and non-exempt employees who worked for Defendant in California since November 3, 2017. *Id.* ¶ 11. Ramirez

brings six claims under the California Labor Code and one claim under California's Unfair Competition Law. *See id.* ¶¶ 52-134.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B. Motion to Strike Class Allegations

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are

2

1  generally disfavored because the motions may be used as delaying tactics and because of the
2  strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-*
3  *Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  Motions to strike "should
4  not be granted unless the matter to be stricken clearly could have no possible bearing on the
5  subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D.
6  Cal. 2004).  "If there is any doubt whether the portion to be stricken might bear on an issue in the
7  litigation, the court should deny the motion." *Id.*  "With a motion to strike, just as with a motion
8  to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."
9  *Id.*

10  "There is a split in this District as to whether a motion to strike class action allegations
11  may be entertained at the motion to dismiss stage." *Ogala v. Chevron Corp.*, No. 14-cv-173-SC,
12  2014 WL 4145408, at *2 (N.D. Cal. Aug. 21, 2014) (collecting cases).  Even those courts that
13  have considered such a motion early in the proceedings "have applied a very strict standard to
14  motions to strike class allegations on the pleadings." *Id.*  "Only if the court is convinced that any
15  questions of law are clear and not in dispute, and that under no set of circumstances could the
16  claim or defense succeed may the allegations be stricken." *Id.* (internal quotation marks and
17  citation omitted).  Thus, even if a motion to strike class allegation is considered at the pleading
18  stage, it may only be granted under "rare circumstances" where "the complaint demonstrates that a
19  class action cannot be maintained on the facts alleged." *Tasion Commc'ns, Inc. v. Ubiquiti*
20  *Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (citation
21  omitted).

22  **III.   ANALYSIS**
23  Defendant moves to dismiss and/or strike class allegations as to all of Ramirez's claims.
24  *See* MTD.  The Court will address each claim(s) in turn.

25  **A.   Claims 1 & 4:  Unpaid Wages and Overtime Wages**
26  Ramirez's first claim is for failure to pay overtime wages in violation of California Labor
27  Code §§ 510, 1198, *see* TAC ¶¶ 52-67; and his fourth claim is for failure to pay minimum wages
28  in violation of California Labor Code §§ 1194, 1197, 1197.1, *see* TAC ¶¶ 97-112.  Defendant

3

argues that these claims should be dismissed because Plaintiff has not alleged sufficient facts as to himself or as to a class. MTD at 14-22. Defendant also argues that Plaintiff's "new claim" for reporting time pay must be dismissed or stricken. *Id.* at 19-21.

### 1. Activities

Defendant first argues that Plaintiff has not alleged activities that are compensable "hours worked" under California law. MTD at 15-17. Plaintiff points to a variety of different activities for which he was allegedly not compensated as the basis for these claims. TAC ¶¶ 56-65, 99-107. For example, Plaintiff alleges that employees were required to park in a specific employee parking lot that was a significant distance from the place of work and that they were prohibited from using main roads to enter the lots. TAC ¶¶ 56, 99. Plaintiff alleges that employees were required to keep their uniforms in a locker or with the laundry facility at work and change into the uniforms upon arrival before clocking in, and to change out of the uniforms and bring them to the laundry after clocking out. *Id.* ¶¶ 57, 100. He also alleges that at least once a week, employees had to walk to the housekeeping building to pick up their clean uniforms before clocking in and to drop off their dirty uniforms after clocking out. *Id.* He alleges that employees were required to put their personal belongings in their assigned lockers before clocking in and to retrieve their personal belongings from their assigned locker after clocking out. *Id.* ¶¶ 58, 101. Plaintiff also alleges that employees was required to clock out before closing their tables and calculating tips. *Id.* ¶¶ 59, 102. Plaintiff alleges that employees were also required to provide immediate services to guests while not on the clock. *Id.* ¶¶ 63, 105.

Defendant specifically argues that the travel time, time required to park in designated employee parking lots, time spent placing personal belongings in a locker, and time spent going to the laundry are not compensable. MTD at 15-17. But these are not Plaintiff's only allegations. Defendant does not challenge that other activities that are identified by Plaintiff, such as calculating tips, are compensable.

The California Supreme Court addressed the question of whether time spent traveling on an employer's buses to work constituted "hours worked" in *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000). The Supreme Court held that "[t]he level of the employer's control over its

4

employees, rather than the mere fact that the employer requires the employees' activity, is determinative" as to whether an activity constitutes hours worked. *Id.* at 587. The California Court of Appeal applied *Morillion* in a case brought by Disneyland employees who were required to park in a certain parking lot—the Katella lot—far from their place of work. *See Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263 (2006). The court there upheld the trial court's grant of summary judgment to the employer, noting that "the key factor is whether Disney *required* its employees who were assigned parking in the Katella lot to park there and take the shuttle." *Id.* at 271 (emphasis in original). The evidence in that case indicated that employees were not required to do so. *Id.* The court explained that "employees assigned to the Katella lot were free to choose forms of transportation which bypassed the Katella lot entirely (train, bus, being dropped off, vanpool)" and "were also free to choose not to ride the shuttle even if they did park in the Katella lot; other means of transportation were available and permissible (walking, biking)." *Id.* Drawing all reasonable inferences in Plaintiff's favor, the TAC adequately pleads that this transit time may be compensable.

As to placing personal items in lockers, Defendant points the Court to *Perez v. Banana Republic, LLC*, No. 14-cv-01132-JCS, 2014 WL 2918421 (N.D. Cal. June 26, 2014). *See* MTD at 16. In that case, the court determined that the time spent placing personal items in lockers is not compensable. *Perez*, 2014 WL 2918421, at *5. The court explained "that putting personal items away in lockers does not constitute 'work,' which is defined as 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer.'" *Id.* (quoting *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir. 2003)). The court explained that "[t]he act of locating, opening and placing personal items in lockers is not 'controlled or required' by [the employer] because employees are not required to bring personal items to work." *Id.* "Moreover, because the lockers are provided as a convenience to the employees, this is not an activity that is 'pursued necessarily and primarily for the benefit of the employer.'" *Id.* (quoting *Alvarez*, 339 F.3d at 902).

The Court determines that Plaintiff has sufficient allegations, including the allegations as to activities that are not challenged by Defendant, for the first and fourth claims to move forward.

5

1  The Court will not, at this juncture, determine which activities are or are not compensable. As the
2  case moves forward, Plaintiff must prove that Defendant exercised the requisite degree of control
3  over the employees' activities for the identified activities to constitute compensable hours worked.

### 2. Length and Frequency

Defendant next argues that Plaintiff has not provided sufficient detail about the length and frequency of his alleged unpaid work. MTD at 17-19. The Ninth Circuit has held that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (quoting *Dejesus v. H.F. Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). The Court determines that Plaintiff has met this standard. He alleges that the detour through the residential area took up to four minutes longer than driving on main roads, and he alleges that it took five minutes to walk to the employee lot. TAC ¶¶ 56, 99. He also alleges that he was required to arrive at the employee parking lot 15 minutes prior to the start of his shift "to ensure he had time to pick up his uniform from the laundry, walk to the building that housed his designated employee locker, go downstairs to the locker room, change into his uniform and put away his personal belongings, and walk back up the stairs to clock in before his scheduled start time." *Id.* ¶ 60. These allegations are sufficient to "demonstrate[e] there was at least one workweek in which [employees] worked in excess of forty hours and were not paid overtime wages." *Landers*, 771 F.3d at 646.

### 3. Reporting Time

Defendant next asserts that "Plaintiff's new claim for reporting time must be dismissed or, in the alternative, stricken." MTD at 19-21. Defendant is referring to the following allegation included in Plaintiff's fourth claim for failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, 1197.1:

> Defendants maintained a uniform policy requiring Plaintiff and the other class members to call-in and/or be available to receive calls two (2) hours prior to the start of their scheduled shift to find out whether

6

> or not they would be coming in to work their schedule shift that day and did not pay the requisite reporting time at the regular rate of pay on days when Plaintiff and other class members called in and were not put to work.

TAC ¶ 109. Defendant argues that a claim for reporting time pay cannot be brought as part of a claim for unpaid minimum wages. MTD at 20.

The Court agrees with Defendant. The California Court of Appeal has recognized that claims for reporting time violations cannot be brought pursuant to California Labor Code § 1194. *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 582-83 (2012). The court there based its holding on the California Supreme Court's decision in *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244 (2012). The court in *Kirby* explained that "[b]y its terms, section 1194 applies to claims for unpaid minimum wages or overtime compensation." *Id.* at 1251. "The [California] Supreme Court . . . [found] no reason when applying section 1194 to depart from the 'usual meanings' of 'the legal minimum wage' (i.e., 'the statutory or administrative floor below which an employee's compensation may not fall') and 'legal overtime compensation' (i.e., 'the statutory and administrative obligation to pay employees one and one-half times their regular rate of pay for work in excess of eight hours a day or 40 hours a week (and double the regular rate for work in excess of 12 hours a day or in excess of eight hours on any seventh day of a workweek)')." *Aleman*, 209 Cal. App. 4th at 581 (quoting *Kirby*, 53 Cal. 4th at 1252). "Thus, in order for a claim to fall under section 1194, it must seek unpaid minimum wage or overtime compensation, as those terms are generally understood." *Id.* (citing *Kirby*, 53 Cal. 4th at 1252). And "[a] reporting time claim is not designed to seek minimum or overtime wages; rather, reporting time compensation is 'at the employee's regular rate of pay.'" *Id.* at 583 (quoting Cal. Code Regs., tit. 8, § 11040, subd. 5(A)). The California Court of Appeal thus concluded that a reporting time claim could not be brought under Section 1194. *Id.*

Plaintiff asks the Court to instead rely on *Kamar v. RadioShack Corp.*, No. CV 07-2252 AHM (AJWx), 2008 WL 2229166 (C.D. Cal. May 15, 2008). *See* Opp. at 11. But this case was decided before the California Supreme Court's decision in *Kirby*. And Defendant points to a more recent case from the Central District of California that recognized that a reporting time claim cannot be brought under Section 1194. *See Raziano v. Albertsons LLC*, No. LA CV19-04373 JAK

7

(ASx), 2020 WL 4108268, at *5 (C.D. Cal. Mar. 17, 2020) (recognizing "recovery for reporting time wages through a private right [of] action brought pursuant to § 1194 is foreclosed unless those wages constitute claims for minimum wages or overtime"). The Court declines to adopt the reasoning in *Kamar*. Plaintiff cannot base his claim for minimum wage violations on reporting time violations. Therefore, the allegations of reporting time violations are STRICKEN.

### 4. Class Allegations

Finally, Defendant argues that Plaintiff's claims should be dismissed or, in the alternative, stricken, as to the class. MTD at 21-22. Defendant asserts that Plaintiff's allegations are limited to his role as a server and would not apply to other job categories. *Id.* Plaintiff counters that his TAC points the Court to the Employee Handbook, which applies to all employees, not only servers. Opp. at 14. Many of Plaintiff's allegations point to the Employee Handbook. TAC ¶¶ 56, 58, 59, 62, 99, 101, 102, 104. On this basis, the allegations are sufficient to bring the claims on a classwide basis.

### 5. Conclusion

Defendant's motion to dismiss and/or strike the first and fourth claims is DENIED. The allegations of reporting time violations are STRICKEN from Claim 4.

### B.   Claims 2 & 3:  Meal and Rest Breaks

Ramirez's second and third claims are for failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7, 512(a). TAC ¶¶ 68-96. Defendant argues that these claims should be dismissed or, in the alternative, stricken as to the class because Plaintiff's allegations are specific to his role as a server. MTD at 22-24. Plaintiff argues that he has alleged a uniform policy of denying meal and rest periods. Opp. at 17-19.

Plaintiff alleges "that Defendants' policies and practices, including their Employee Performance Reviews and Employee Handbook, required employees to prioritize rendering quick and efficient service to all hotel guests." TAC ¶ 29. Plaintiff further alleges that "due to Defendants' uniform policy and practice of requiring employees to prioritize rendering quick and efficient service to all hotel guests," Defendant failed to provide meal and rest breaks as required by law. *Id.* ¶¶ 30-33; *see also id.* ¶¶ 75, 89. These allegations of a uniform policy are sufficient to

8

1    bring the claims on behalf of a class.

2    Defendant's motion to dismiss and/or strike the second and third claims as to the class is
3    DENIED.

### C.  Claim 6:  Reimbursement of Business Expenses

Ramirez's sixth claim is for failure to reimburse business expenses in violation of California Labor Code §§ 2800, 2802. TAC ¶¶ 120-26. Defendant argues that this claim must be dismissed because Ramirez has failed to allege that any cell phone use was reimbursable or that his clothing purchases amounted to a special "uniform" for which he should have been reimbursed. MTD at 24-27. Defendant also argues that Plaintiff has not adequately alleged the claim on a class basis. *Id.* at 27.

California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Labor Code § 2802(a). To state a claim for failure to reimburse business expenses, a plaintiff must allege a "specific instance in which he was not reimbursed for expenses that were within his job duties." *See Alvarado v. Amazon.com, Servs. LLC*, No. 20-cv-07292-BLF, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022) (citing *Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017 WL 6940519, at *6 (C.D. Cal. Apr. 20, 2017)).

#### 1.  Cell Phone Use

Defendant argues that Plaintiff has not stated a claim for unreimbursed personal cell phone usage. MTD at 25-27. Plaintiff alleges that Defendant had "a policy and require[ed] Plaintiff and the other class members to call-in and/or be available to receive calls on their personal cell phones two (2) hours prior to the start of their scheduled shift to find whether they would need to come into work on any given day or not." TAC ¶ 123. As a result, "Plaintiff and the other class members were required to use their personal cell phones almost every day." *Id.* Plaintiff alleges that employees were required to respond to Defendant via call or text message. *Id.* As to Plaintiff, he alleges that "while [he] was scheduled to work five (5) to six (6) days a week, his schedule was always subject to change up until as little as forty-five (45) minutes before his shift was scheduled

to start, depending on the number of reservations and the number of other servers who would be working that shift." *Id.* Finally, Plaintiff alleges that Defendant failed to reimburse Plaintiff or other class members for their personal cell phone usage. *Id.*

As to the use of a personal phone, a plaintiff must allege supporting details about his phone use, such as "whether [he] incurred any actual expenses related to the use of [his] cell phone[]; whether [he] requested Defendants reimburse [him] for those expenses; or that Defendants refused to tender any requested reimbursements." *Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-CKD, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021). Plaintiff has done so here. Ramirez has alleged sufficient facts to bring a reimbursement claim based on his personal cell phone use.

### 2. Uniform

Defendant also argues that Plaintiff's purchase of a "uniform" is not reimbursable. MTD at 24-25. Plaintiff alleges that Defendant required employees to wear uniforms while working. TAC ¶ 124. He alleges that Defendant provided class members with one set of clothing items for their uniforms but was aware that it was necessary for employees to buy additional sets of clothing items as well as non-slip shoes, which Defendant did not provide. *Id.* He alleges that Defendant told employees that they would be reimbursed for clothing items or shoes that they purchased. *Id.* Plaintiff's uniform was a black shirt, black tie, black pants, and non-slip shoes. *Id.* Defendant provided him with one shirt and one apron, and Plaintiff purchased six shirts, three pairs of pants, and one pair of non-slip shoes. *Id.* He alleges that he submitted the receipts to management but was never reimbursed. *Id.*

Defendant argues that these allegations fail because basic wardrobe items are not reimbursable. MTD at 24-25. "[T]he Division of Labor Standards Enforcement ('DLSE') has repeatedly confirmed that basic articles of clothing—such as a white shirt and black pants—do not fall within the definition of 'uniform' as used in the Wage Orders, such that an employer would be required to provide such apparel or reimburse for the cost." *Bright v. Dennis Garberg & Assocs.*, No. CV 10-07933 AHM (JCx), 2011 WL 13147441, at *3 (C.D. Cal. May 4, 2011) (citing DLSE Opinion Letter No. 1990.09.18). In *Bright*, the court found that "the undisputed facts establish[ed]

10

1    that Plaintiffs wore 'basic articles of clothing' that were not subject to reimbursement under the
2    Labor Code, because they did not fall into the definition of 'uniform.'" *Id.* And as the Court
3    stated in a prior Order in this case, slip-resistant shoes are generally not considered a "necessary
4    expenditure" under Section 2802 such that an employee would need to be reimbursed for cost
5    because they are generally usable in the industry and thus not a "uniform." *Townley v. BJ's*
6    *Restaurants, Inc.*, 37 Cal. App. 5th 179, 185 (2019).

Plaintiff argues that *Bright* is distinguishable because in that case, the undisputed facts showed that the plaintiffs wore clothes that they already owned or that were provided by their employer. Opp. at 20. But here, Plaintiff asserts, he had to purchase the specified items specifically for this position. *Id.*

The Court has already determined that the sixth claim was adequately pled given the allegations about Defendant's failure to reimburse for personal cell phone use. The claim will move forward, and the caselaw discussed above will be applicable to any reimbursement sought for uniform-related expenses.

### 3. Class Allegations

Defendant also argues that the sixth claim should be dismissed or, in the alternative, stricken as to the class. MTD at 27. As stated above, Plaintiff alleges that Defendant had "a policy" requiring employees "to call-in and/or be available to receive calls on their personal cell phones two (2) hours prior to the start of their scheduled shift to find whether they would need to come into work on any given day or not." TAC ¶ 123. He also alleges that employees "were required to use their personal cell phones almost every day" and were required to respond to Defendant via call or text message. *Id.* Plaintiff also alleges that Defendant required all employees to wear uniforms while working. TAC ¶ 124. He alleges that Defendant provided class members with one set of clothing items for their uniforms but was aware that employees needed to buy additional sets of clothing items as well as non-slip shoes. *Id.* Plaintiff has adequately alleged this claim on a classwide basis.

### 4. Conclusion

Defendant's motion to dismiss and/or strike the sixth claim is DENIED.

11

### D. Claim 5: Wages for Terminated/Resigned Employees

Ramirez's fifth claim is for failure to pay wages for terminated or resigned employees in violation of California Labor Code §§ 201, 202. TAC ¶¶ 113-19. As Defendant asserts, this claim is derivative of the wage, meal period, and rest break claims. *See Alvarado*, 2022 WL 899850, at *2; *Wright*, 2021 WL 2210739, at *5. Defendant argues that the claim should be dismissed because the underlying claims should be dismissed. MTD at 27-28. Because the Court has determined that the predicate claims are adequately pled, this claim is also adequately pled.

Claim 5 also includes allegations of reporting time:

> During the relevant time period, Defendants intentionally and willfully failed to pay other class members who quit their employment with Defendants with less than seventy-two (72) hours' notice their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, including but not limited to . . . unpaid reporting time pay due to Defendants' policy.

TAC ¶ 116. Defendant argues that these allegations are improper. MTD at 19-21. Because the Court struck the reporting time allegations from Claim 4, the predicate claim, the Court will also strike them from this claim.

Defendant's motion to dismiss and/or strike the fifth claim is DENIED. The allegations of reporting time violations are STRICKEN from the fifth claim.

### E. Claim 7: UCL

Ramirez's final claim is for violation of the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* TAC ¶¶ 127-34. Defendants argue that this claim should be dismissed because Plaintiff has failed to allege an adequate remedy at law. MTD at 28-30.

For a district court to entertain a request for equitable relief, the plaintiff must have no adequate legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). A plaintiff cannot state a claim for equitable relief "if the pleading does not demonstrate the inadequacy of a legal remedy." *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021). A plaintiff may plead a claim for equitable relief in the alternative. *See, e.g., Freeman v. Indochino Apparel, Inc.*, 443 F.Supp.3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims

12

in the alternative at the pleading stage."); *Sagastume v. Psychemedics Corp.*, No. CV 20-6624 DSF (GJSx), 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage.") (citation omitted). "Since *Sonner*, courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims." *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021) (collecting cases).

Plaintiff argues that his remedy at law is inadequate because the relevant California Labor Code provisions have a three year statute of limitations, and the UCL has a four year statute of limitations. Opp. at 24. But, as Defendant notes, several courts have rejected this argument. *Mish*, 2022 WL 4592124, at *7 (stating "several district courts" have rejected the theory that "legal remedies under the California Labor Code are inadequate because [plaintiffs] could obtain an extra year of recovery under the longer statute of limitations under the UCL"); *see also Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2022 WL 1443339, at *2 (N.D. Cal. May 6, 2022). The Court agrees with those other courts, and therefore Plaintiff cannot bring the UCL claim.

Defendant's motion to dismiss Plaintiff's seventh claim is GRANTED. As Plaintiff has already had several opportunities to amend and this deficiency is not capable of being remedied, the dismissal is WITHOUT LEAVE TO AMEND.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss and/or strike Claim 1 is DENIED;
2. Defendant's motion to dismiss and/or strike Claim 2 is DENIED;
3. Defendant's motion to dismiss and/or strike Claim 3 is DENIED;
4. Defendant's motion to dismiss and/or strike Claim 4 is DENIED;
5. Defendant's motion to dismiss and/or strike Claim 5 is DENIED;
6. Defendant's motion to strike the reporting time allegations in Claims 4 and 5 is GRANTED;

7. Defendant's motion to dismiss and/or strike Claim 6 is DENIED; and

8. Defendant's motion to dismiss and/or strike Claim 7 is GRANTED WITHOUT LEAVE TO AMEND.

Dated: July 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge

14