UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>HV GLOBAL MANAGEMENT CORPORATION, et al.,<br><br>    Defendants. | Case No.  21-cv-09955-BLF<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 117] |

Before the Court is Plaintiff Nelson Ramirez's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with his Motion to Certify Class.  ECF No. 117.  Defendant HV Global Management Corporation filed a statement in support of sealing certain exhibits.  ECF No. 120.  The Court has considered the motion, and its ruling is laid out below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

1    document under seal, including an explanation of: (i) the legitimate private or public interests that
2    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
3    alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
4    requires the moving party to provide "evidentiary support from declarations where necessary."
5    Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
6    material." Civ. L.R. 79-5(c)(3).
7        Further, when a party seeks to seal a document because it has been designated as
8    confidential by another party, the filing party must file an Administrative Motion to Consider
9    Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
10   party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
11   party who designated the material as confidential must, within seven days of the motion's filing,
12   file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
13   5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
14   of the provisionally sealed document without further notice to the designating party. *Id.* Any
15   party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

16   **II.   DISCUSSION**
17       This Court has previously determined that the compelling reasons standard applies to
18   motions to seal documents relating to class certification. *See, e.g.*, *Prescott v. Reckitt Benckiser*
19   *LLC*, No. 20-CV-02101-BLF, 2022 WL 847309, at *1 (N.D. Cal. Mar. 22, 2022); *Adtrader, Inc. v.*
20   *Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020); *Yan*
21   *Mei Zheng-Lawson v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 3413253, at *2
22   (N.D. Cal. July 29, 2019).
23       In Plaintiff's administrative motion to consider whether another party's material should be
24   sealed he identified highlighted portions of his motion to certify class and certain exhibits attached
25   to that motion as containing information that Defendant has designated as confidential. ECF No.
26   117 at 1. Defendant filed a statement in support of sealing Exhibits 8, 10, 11, and 12, but did not
27   request that any of the other exhibits be sealed. ECF No. 120 at 1. Because Defendant does not
28   seek to seal Exhibits 1–7, 9, and 15, the Court will DENY the motion to the extent that it requests

sealing of those documents.

As to Exhibits 8, 10, 11, and 12, Defendant argues that the documents should be sealed because "they contain confidential and sensitive business information and trade secrets that would harm HV Global's business operations should they be publicly disclosed." ECF No. 120-1 ("Haley Decl.") ¶ 2. Defendant argues that Exhibit 8 is a sample set of work schedules that contain sensitive information about Defendant's operating procedures, including business performance metrics that could be utilized by competitors to unfairly compete with Defendant. *Id.* ¶ 3. Defendant argues that Exhibits 10, 11, and 12 contain putative class members' wage records that include sensitive information about Defendant's practices for employee compensation and Defendant's sales and revenue figures. *Id.* ¶ 4. Defendants argue that this information could be used by competitors to unfairly compete with Defendant. *Id.*

After evaluating Exhibits 8, 10, 11, and 12, the Court is satisfied that Defendant has demonstrated compelling reasons for sealing these exhibits. Courts within the Ninth Circuit commonly grant sealing requests to protect exactly this type of information. *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx.568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *eBay Inc. v. Boch*, No. 19-CV-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (finding compelling reasons to seal information about a party's sales strategies); *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (finding compelling reasons to seal information about "business strategy and trade secrets, including internal operations information, account assignments and divisions, financial information regarding specific clients, and [the defendant's] organization structure and sales strategies"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *2 (D. Ariz. Oct. 18, 2011) (finding compelling reasons to seal personnel records).

The Court finds that Defendant's request to seal the entirety of the four exhibits identified in Defendant's statement is "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3), because each document contains specific and sensitive business operations and personnel information in their entirety.

3

The Court rules as follows:

| Exhibit No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 1 | Defendant's 2022 Employee Handbook, Bates Nos. HVGLOBAL000233-HVGLOBAL000242, produced by Defendant in discovery on or about May 22, 2023. | Highlighted Portions | DENIED because neither party supports sealing. |
| 2 | Defendant's Meal and Rest Break Policy, signed by Defendant and a putative class member in May 2021, Bates Nos. HVGLOBAL000271-HVGLOBAL000272, produced by Defendant in discovery on or about June 13, 2023. | Entire Document | DENIED because neither party supports sealing. |
| 3 | Defendant's Meal and Rest Break Policy, signed by Defendant and a putative class member in December 2020, Bates Nos. HVGLOBAL000276-HVGLOBAL000277, produced by Defendant in discovery on or about June 13, 2023. | Entire Document | DENIED because neither party supports sealing. |
| 4 | Defendant's Meal and Rest Break Policy, signed by Defendant and a putative class member in February 2021, Bates Nos. HVGLOBAL000278-HVGLOBAL000279, produced by Defendant in discovery on or about June 13, 2023. | Entire Document | DENIED because neither party supports sealing. |
| 5 | Defendant's Meal and Rest Break Policy, signed by Defendant and a putative class | Entire Document | DENIED because neither party supports sealing. |

| | | | |
|---|---|---|---|
| | | member in December 2020, Bates Nos. HVGLOBAL000285-HVGLOBAL000286, produced by Defendant in discovery on or about June 13, 2023. | | |
| | 6 | Defendant's Meal and Rest Break Policy, signed by Defendant and a putative class member in May 2021, Bates Nos. HVGLOBAL000288-HVGLOBAL000289, produced by Defendant in discovery on or about June 13, 2023. | Entire Document | DENIED because neither party supports sealing. |
| | 7 | Trainings on its Wage and Hour Policies, Bates Nos. HVGLOBAL000172-HVGLOBAL000215, produced by Defendant in discovery on or about May 22, 2023. | Entire Document | DENIED because neither party supports sealing. |
| | 8 | Sampling of work schedules of the putative class members throughout the Class Period, Bates Nos. HVGLOBAL000399-HVGLOBAL000434, HVGLOBAL000454-HVGLOBAL000469, HVGLOBAL000583-HVGLOBAL000587, HVGLOBAL000780-HVGLOBAL000805, produced by Defendant in discovery on or about June 22, 2023. | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| | 9 | Defendant HV Global's Employee Parking Policy in effect during the Class Period, Bates Nos. HVGLOBAL000163- | Entire Document | DENIED because neither party supports sealing. |

| | | | |
|---|---|---|---|
| | | HVGLOBAL000164, produced by Defendant in discovery on or about May 22, 2023. | | |
| | 10 | Putative class members' wage records produced by Defendants in excel format:<br>a. Employee ID: 110249; pay period end date: July 19, 2019<br>b. Employee ID: 109017; pay period end date: October 11, 2019<br>c. Employee ID: 6017807; pay period end date: October 14, 2022<br>d. Employee ID: 3122060; pay period end date: March 17, 2023<br>e. Employee ID: 3122425; pay period end date: April 14, 2023 | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| | 11 | Putative class members' wage records produced by Defendants in excel format:<br>a. Employee ID: 110184 earned a service charge payment and a meal premium during the pay period ending on December 20, 2019<br>b. Employee ID: 3112964 earned a bonus and a meal premium during the pay period ending on February 7, | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |

United States District Court
Northern District of California

6

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |                 |                                                                                                                                    |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------|------------------------------------------------------------------------------------------------------------------------------------|
|    | c. Employee ID: 3108971 earned nondiscretionary award pay and a meal premium during the pay period ending on May 29, 2021.                                                                                                                                                                                                                                                                                                                                                                                                                 |                 |                                                                                                                                    |
| 12 | Putative class members' wage records produced by Defendants in excel format: <br>a. Employee ID: 112964 earned a commission and overtime during the pay period ending on November 8, 2019. <br>b. Employee ID: 310184 earned service charge payments and overtime during the pay period ending on July 23, 2021. <br>c. Employee ID: 3110202 earned service charge payments and overtime during the pay period ending on July 9, 2021. | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 15 | Plaintiff Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof filed on August 18, 2023 | Highlighted Portions | DENIED because neither party supports sealing. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Nelson Ramirez's

Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with his Motion to Certify Class (ECF No. 117) is GRANTED IN PART and DENIED IN PART. Ramirez is directed to file the unsealed versions of Exhibits 1–7, 9, and 15 on the public docket within 10 days of the date of this Order.

Dated: October 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge