UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HV GLOBAL MANAGEMENT CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-09955-BLF   (VKD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEPOSITION ERRATA**<br><br>Re: Dkt. No. 124 |

Plaintiff Nelson Ramirez moves to strike the errata submitted by defendant HV Global Management Corporation ("HV Global") to the transcript of the deposition of its Rule 30(b)(6) designee Anthony Williams. Dkt. No. 124. HV Global opposes the motion. Dkt. No. 128. The Court held a hearing on the dispute on October 24, 2023. Dkt. No. 134. Upon consideration of the moving and responding papers, as well as the arguments presented at the hearing, the Court grants Mr. Ramirez's motion to strike eight changes in the deposition errata.

**I.   BACKGROUND**

On July 6, 2023, Mr. Williams testified in deposition as a Rule 30(b)(6) designee on behalf of HV Global. Dkt. No. 124-1 ¶ 2. HV Global received notice that a transcript of his testimony was available for review on July 20, 2023. Dkt. No. 129 ¶ 4, Ex. C. On August 21, 2023, HV Global submitted an errata indicating changes to Mr. Williams' testimony and the reason for each change. *Id.* ¶ 5, Ex. D. Mr. Ramirez summarizes eight of those changes in the following chart:

| Page(s): Line(s) | Question | Deposition Testimony | Requested Change | Reason Given for Change |
|---|---|---|---|---|
| 138:10- | "Is this HV Global's | "I believe this | "No. This document | "I mistakenly |

| | | | | |
|---|---|---|---|---|
| 11 | meal and rest break policy for non-exempt hourly paid employees in California at Highlands Inn?" | document applied to Highlands Inn, yes." | was an old version that should not have been in circulation. It has been replaced by a newer version." | believed that this was the newer version of the document." |
| 138:14 | "And did [the above-mentioned policy document] apply to all non-exempt hourly paid employees at Highlands Inn?" | "Yes." | "No." | "I mistakenly believed that this was the newer version of the document." |
| 138:17-138:22 | [Regarding the policy document mentioned above] "Has this policy been in place from 2017 to present?"  [Deponent states he is "looking over it" prior to providing his answer.] | "I believe so, yes." | "No." | "I mistakenly believed that this was the newer version of the document." |
| 138:25-139:3 | "So [the policy document mentioned above] is HV Global's current policy on meal and rest breaks as well for non-exempt hourly paid employees in California?" | "I believe so." | "No." | "I mistakenly believed that this was the newer version of the document." |
| 146:23-147:6 | "Would it be accurate to say that the [policy document mentioned above] supplemented this policy or was … in addition to this … policy here in the handbook?" | "I would say they both applied." | "This meal and rest break policy (Exh. 4, Batestamp HVGLOBAL000070) applied to non-exempt employees at [Defendant]. Exhibit 5 was an old version of a stand alone document that has since been replaced." | "I mistakenly believe that Exhibit 5 was the newer version of the document." |

2

| | | | | |
|---|---|---|---|---|
| 151:5-9 | "To the best of your knowledge, is this meal and rest break policy [referring to the policy mentioned above] still in effect, regardless of the changes in the employee handbook?" | "Yes, I believe so." | "No." | "I mistakenly believed that this (Exhibit 5) was the newer version of the document." |
| 151:10-14 | "And to the best of your knowledge, this meal and rest break policy is still the one that is currently in effect presently; correct?" | "I wouldn't -- yeah, I wouldn't say permanently. I would say I believe it's presently in effect." | "No." | "I mistakenly believed that this (Exhibit 5) was the newer version of the document." |
| 151:15-22 | "For all non-exempt hourly paid employees in California. Correct?" | "Yes, I believe so." | "No." | "I mistakenly believed that this (Exhibit 5) was the newer version of the document." |

Dkt. No. 124 at 3-6; Dkt. No. 124-1, Exs. A, B.

Mr. Ramirez filed a motion for class certification on August 18, 2023—three days before receiving the errata for Mr. Williams' Rule 30(b)(6) deposition. *See* Dkt. No. 118. Mr. Ramirez's motion relies in part on Mr. Williams' testimony, including testimony corresponding to the eight entries in the errata reproduced above concerning HV Global's meal and rest break policies.

Mr. Ramirez objects that HV Global should not be permitted to change Mr. Williams' testimony by means of an errata to his deposition transcript, particularly after Mr. Ramirez relied on that testimony to support his motion for class certification. *See* Dkt. No. 124.

## II. LEGAL STANDARD

Rule 30(e) of the Federal Rule of Civil Procedure permits a deponent to make changes to his deposition testimony "in form or substance" provided the deponent (1) requests review of the deposition to make corrections, (2) signs a statement listing the changes and the reasons for

1  making them, and (3) submits changes within 30 days of receiving notice that the transcript is
2  available. Fed. R. Civ. P. 30(e)(1)-(2). Rule 30(e) does not permit a deponent to change his
3  testimony as a "sham" solely to evade an unfavorable ruling. *See Hambleton Bros. Lumber Co. v.*
4  *Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005); *Lewis v. The CCPOA Benefit Tr.*
5  *Fund*, No. C-08-03228-VRW DMR, 2010 WL 3398521, at *2 (N.D. Cal. Aug. 27, 2010). The
6  Ninth Circuit has made clear that "Rule 30(e) is be used for corrective, and not contradictory,
7  changes." *Hambleton*, 397 F.3d at 1226.

**III.   DISCUSSION**

Initially, Mr. Ramirez challenged the entirety of the deposition errata as untimely. *See* Dkt. No. 124 at 6-7. However, in view of the evidence HV Global submitted in opposition, Mr. Ramirez conceded during the hearing that the errata was not untimely, as the errata was submitted within 30 days of HV Global's receipt of notice. Dkt. No. 134.

Mr. Ramirez's principal arguments are that the eight changes HV Global made contradict Mr. Williams' testimony and reflect a tactical effort to avoid class certification.[1] Dkt. No. 124 at 7-8. HV Global responds that the eight changes in the errata merely correct an "unintentional misstatement" by Mr. Williams, who "mistook older versions of relevant policies for the current ones because the documents appear strikingly similar." Dkt. No. 128 at 2, 4.

It cannot be seriously disputed that the eight changes to Mr. Williams testimony are "contradictory": in each instance, he changes his testimony from a definitive (or almost definitive) "Yes" to a definitive "No." However, in each instance, he explains that he made a mistake and believed that the written policy shown to him in deposition was the newer or current version of the policy. The Court has no reason to question the truthfulness of this explanation. As HV Global points out, Mr. Williams was shown only one version of the policy during his deposition and was not asked to compare the different versions or to explain their provenance. Perhaps Mr. Williams should have known better or been better prepared, as Mr. Ramirez argues. Nevertheless, the Court is not persuaded that Mr. Williams deliberately gave incorrect testimony

---

[1] The parties did not submit the original deposition testimony corresponding to other changes in the errata, so the Court cannot evaluate whether those changes comply with Rule 30(e).

4

in his deposition, hoping Mr. Ramirez would rely on it in his class certification motion so that HV Global could later change the testimony and undercut the merits of the motion, or that he initially gave truthful testimony and now seeks to avoid the legal consequences of that testimony by providing false testimony in its place.  In other words, the eight changes to the errata are contradictory, but they do not appear to be a sham.

HV Global argues that unless the Court concludes the changes in the errata are a sham, the Court may not strike the errata or any portion of it.  Dkt. No. 128 at 1.  The Ninth Circuit has not directly addressed this question, and courts in this district have reached different conclusions.  *Compare Lewis*, 2010 WL 3398521, at *3 (striking contradictory changes even though changes did not amount to a sham), *with Ochoa v. McDonald's Corp.*, No. 14-cv-2098 JD, 2015 WL 13079032, *1-2 (N.D. Cal. June 2, 2015) (suggesting that Rule 30(e) changes may only be struck if the court finds them to be a sham).  The Court agrees with the analysis in *Lewis*.  While *Hambleton* cited with approval decisions from other circuits analogizing Rule 30(e) to the sham affidavit rule, the Ninth Circuit also quoted with approval the following passage from *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir.2000): "We also believe by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'."  *Hambleton*, 397 F.3d at 1225.  This suggests that in the Ninth Circuit substantive changes that contradict a deponent's testimony are not permissible under Rule 30(e) unless such changes correct an error in transcription.  Because the contested changes in the errata are contradictory and do not merely correct an error in transcription, they are not permitted under Rule 30(e).[2]

---

[2] HV Global is not without recourse.  As the Court explained at the hearing, HV Global and Mr. Williams will have an opportunity to explain the testimony they say is mistaken in opposing Mr. Ramirez's motion for class certification, and the presiding judge will be in a position to evaluate the credibility and persuasiveness of that explanation and any new testimony Mr. Williams provides.

## IV. CONCLUSION

For the foregoing reasons, the Court strikes the eight changes in Mr. Williams deposition errata that are reproduced above.

**IT IS SO ORDERED.**

Dated: October 25, 2023

*Virginia K. DeMarchi*
VIRGINIA K DEMARCHI
United States Magistrate Judge

6