Edwin Aiwazian (Cal. State Bar No 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
Selena Matavosian (Cal. State Bar No. 348044)
*selena@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON RAMIREZ, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; <br><br> Plaintiff, <br><br> vs. <br><br> HV GLOBAL MANAGEMENT CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 5:21-cv-09955-BLF <br><br> Honorable Beth L. Freeman <br><br> **FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Failure to Pay Wages, Including *Inter Alia*, Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor |

(Sidebar, left margin) **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.
(11) Violation of California Labor Code § 2698, et seq. (Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff NELSON RAMIREZ ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action was originally brought in the Superior Court for the County of Monterey pursuant to the California Code of Civil Procedure section 382.

2.      The United States District Court for the Northern District of California has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).The United States District Court for the Northern District of California has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District.

///

2

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

**PARTIES**

3.    Plaintiff NELSON RAMIREZ is an individual residing in the State of California, County of Monterey.

4.    Defendant HV GLOBAL MANAGEMENT CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Monterey.

5.    At all relevant times, Defendant HV GLOBAL MANAGEMENT CORPORATION was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

6.    At all times herein relevant, Defendants HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

7.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and capacities when the same have been ascertained.

8.    Defendant HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

9.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff, the other class members, and the aggrieved employees so as to make each of said Defendant employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

11.    The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from November 3, 2017 to final judgment and who reside in California.

12.    Plaintiff reserves the right to establish subclasses as appropriate.

13.    The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

> b.    Typicality: Plaintiff's claims are typical of all other class members as demonstrated herein.  Plaintiff will fairly and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  adequately protect the interests of the other class members with

2  whom he has a well-defined community of interest.

3  c.  Adequacy: Plaintiff will fairly and adequately protect the

4  interests of each class member, with whom he has a well-

5  defined community of interest and typicality of claims, as

6  demonstrated herein.  Plaintiff has no interest that is

7  antagonistic to the other class members.  Plaintiff's attorneys,

8  the proposed class counsel, are versed in the rules governing

9  class action discovery, certification, and settlement.  Plaintiff

10  has incurred, and during the pendency of this action will

11  continue to incur, costs and attorneys' fees, that have been, are,

12  and will be necessarily expended for the prosecution of this

13  action for the substantial benefit of each class member.

14  d.  Superiority: A class action is superior to other available

15  methods for the fair and efficient adjudication of this litigation

16  because individual joinder of all class members is impractical.

17  e.  Public Policy Considerations: Certification of this lawsuit as a

18  class action will advance public policy objectives.  Employers

19  of this great state violate employment and labor laws every day.

20  Current employees are often afraid to assert their rights out of

21  fear of direct or indirect retaliation.  However, class actions

22  provide the class members who are not named in the complaint

23  anonymity that allows for the vindication of their rights.

24  14.  There are common questions of law and fact as to the class members

25  that predominate over questions affecting only individual members.  The following

26  common questions of law or fact, among others, exist as to the members of the

27  class:

28  a.  Whether Defendants' failure to pay wages, without abatement

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

or reduction, in accordance with the California Labor Code, was willful;

b.     Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.     Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day, over forty (40) hours, and/or over six (6) consecutive days per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.     Whether Defendants failed to use the shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay and overtime wages in the same workweek;

e.     Whether Defendants failed to use the shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay to calculate the regular rate of pay used to calculate any premium payment made pursuant to California Labor Code section 226.7 where Plaintiff and the other class members earned shift differential pay, non-discretionary bonuses, commissions,

incentives, service charge payments, and/or other forms of non-discretionary pay and earned a premium payment pursuant to California Labor Code section 226.7 in the same workweek;

f.   Whether Defendants had a policy and/or practice that requires hourly paid or non-exempt employees within the State of California to remain on premises during their ten (10) minute rest breaks;

g.   Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

h.   Whether Defendants had a corporate policy and/or practice of failing to pay their hourly, non-exempt employees for meal or rest period premiums pursuant to California Labor Code section 226.7;

i.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

j.   Whether Defendants failed to pay any current or former hourly-paid or non-exempt employees who worked for Defendants within the State of California at any time during the Class Period for all minimum and overtime wages earned due to work performed off-the-clock;

k.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

l.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment, in compliance with California Labor Code section 204;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

m.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

n.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

o.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs, including the purchase of clothing and shoes to meet Defendants' dress code policy and using their personal cell phones for work-related purposes;

p.  Whether Defendants' conduct was willful or reckless;

q.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

r.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

s.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

15.  Class certification of the First through Eleventh causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest

period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 *et seq*. These policies and practices are not individualized, and compliance with them is not voluntary. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## PAGA ALLEGATIONS

16.     At all times set forth herein, the Private Attorneys General Act, California Labor Code section 2698, et seq. ("PAGA") was applicable to Plaintiff's employment by Defendants.

17.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

pursuant to procedures outlined in California Labor Code section 2699.3.

18.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee,' who is any person that was employed by Defendants and the alleged violator and against whom one or more of the alleged violations was committed.

19.    Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

20.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.    The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employer by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

penalties in addition to any other penalties to which the employee may be entitled.

21.    Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant HV GLOBAL MANAGEMENT CORPORATION of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

22.    Plaintiff seeks to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, 2800, 2802, and 2802.1, and the applicable IWC Wage Order(s).

## GENERAL ALLEGATIONS

23.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Monterey.

24.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately September 2010 to approximately September 2019, in the State of California, County of Monterey.

25.    Defendants hired Plaintiff into the position of full-time Server in the City of Carmel in the State of California at the base rate of pay of $10.00 per hour. Plaintiff's job duties included providing quick and efficient service to all resort guests, serving food and beverages, waiting on tables, providing guest services at events, setting up and breaking down tables, cleaning, calculating bills and tips, and responding to supervisor requests.

///

///

///

26.    Defendants hired Plaintiff and the other class members and aggrieved employees, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed, late, short, and/or interrupted meal periods and/or rest breaks.

27.    Defendants had the authority to hire and terminate Plaintiff and the other class members and aggrieved employees, to set work rules and conditions governing Plaintiff's and the other class members' and aggrieved employees' employment, and to supervise their daily employment activities.

28.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' and aggrieved employees' employment for them to be joint employers of Plaintiff and the other class members and aggrieved employees.

29.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members and aggrieved employees.

30.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

31.    Plaintiff and the other class members and aggrieved employees worked over eight (8) hours in a day, forty (40) hours in a week, and/or six (6) consecutive days in a workweek during their employment with Defendants.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned, and missed, shortened, late, and/or interrupted meal periods and rest breaks in violation of California law.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked as a result of, *inter alia*, Defendants' requiring Plaintiffs and the other class members and aggrieved employees to perform work off-the-clock. Defendants' failure includes, *inter alia*, failing to compensate Plaintiffs and the other class members and aggrieved employees for job duties performed before and/or after their scheduled shifts such as tasks related to assisting resort guests, responding to supervisor requests and demands, donning and doffing uniforms, and accessing employee lockers before and after clocking in and out for their scheduled shifts, and during meal period.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members and aggrieved employees earned shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay and overtime wages in the same workweek.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay to calculate the regular rate of pay used to calculate any premium payment made pursuant to California Labor Code section 226.7 where Plaintiff and the other class members and aggrieved employees earned shift differential pay, non-discretionary bonuses, commissions, incentives, service charge payments, and/or other forms of non-discretionary pay and earned a premium payment pursuant to

California Labor Code section 226.7 in the same workweek.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' policies and practices, including the Employee Handbook, required Plaintiff and the other class members and aggrieved employees to wait to clock in until they were "in full uniform and ready to begin work" at their designated clock-in stations before they were allowed to begin recording their time. At the same time, Defendants' policy, practice, and Attendance Disciplinary Notice form required reprimand of Plaintiff and the other class members and aggrieved employees for clocking in more than three (3) minutes after the start of their scheduled shifts.  As a result, Plaintiff and the other class members and aggrieved employees were required to arrive at work prior to their scheduled start times to get in full uniform and become "work ready" before they were allowed to clock in.

37.     Defendants also had a supplemental loose-leaf meal and rest break policy, which applied to all hourly-paid employees throughout the relevant time period.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members and aggrieved employees all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' policies and practices, including their Employee Performance Reviews and Employee Handbook, required employees to prioritize rendering quick and efficient service to all resort guests, at all times while on Defendants' premises.  These uniform policies and practices required other class members and aggrieved employees to be available to provide service and/or assistance to any guest they may encounter from the moment they stepped onto the property at the beginning of their shifts to the moment they stepped off the property at the end of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

their shifts.

40.    Plaintiff is informed and believes that Defendants had a meal break policy, which applied to all other class members and aggrieved employees, which unlawfully permitted managers to shorten other class members' and aggrieved employees' meal breaks, and which unlawfully allowed employees to voluntarily elect not to take any or all of their 30-minute meal breaks.  These uniform policies and practices also fail to provide lawful timing requirements for second meal breaks.

41.    Plaintiff is further informed and believes that Defendants failed to provide meal periods that were truly "off-duty" during the relevant time period, as, at all times while on their meal breaks, employees were expected to be available and prepared to come back from these breaks early at a moment's notice at the instruction of their supervisors.  As a result, Defendants' policy requiring class members and aggrieved employees to be available "at all times while in the resort" and their policy permitting managers to shorten meal breaks intentionally and directly undermined their formal policy providing meal breaks by pressuring employees to perform their duties in ways that prevented employees from taking 30-minute duty-free, uninterrupted meal breaks.

42.    Plaintiff is informed and believes that Defendants had a meal break policy, which applied to all other class members and aggrieved employees, and which unlawfully provided that employees who work over 10 hours may waive their second 30-minute meal period, irrespective of whether the first meal period was waived.  These uniform policies and practices failed to state that employees may only waive their second meal break if their first meal break was not waived.

43.    Plaintiff is informed and believes, and based thereon alleges, that, due to Defendants' uniform policy and practice of requiring employees to prioritize rendering quick and efficient service to all resort guests, Defendants failed to relieve Plaintiff and other class members and aggrieved employees of all duties,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

failed to relinquish control over Plaintiff and the other class members' and aggrieved employees' activities, failed to permit Plaintiff and other class members and aggrieved employees a reasonable opportunity to take, impeded, and discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least five (5) hours, and to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours. Specifically, due to Defendants' policy and practice of requiring employees to prioritize rendering quick and efficient service to all hotel guests, Plaintiff and the other class members and aggrieved employees were regularly denied the opportunity to take their meal breaks, had their meal breaks interrupted by management with work-related questions and instructions, and/or were regularly required to end their meal breaks before thirty (30) minutes had elapsed in order to provide immediate service to guests at the direction of management. Defendants regularly entered the break room where Plaintiff and the other class members and aggrieved employees were taking their meal and rest breaks and required them to stop their breaks to continue working or to discuss tasks that needed to be done after their breaks were over. Further, other class members and aggrieved employees generally encountered guests throughout the resort on a day-to-day basis prior to clocking in, during meal and rest breaks, and after clocking out on a regular basis, and thus they were required to adhere to this standard uniform policy during all such encounters.

44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' uniform policies and practices resulted in unrecorded work before and after shifts, and also prevented other class members and aggrieved employees from taking meal and rest breaks that were truly uninterrupted and duty-free, as other class members were to be on-call and available to provide service and assistance at all times while on Defendants' premises, including when on their meal and rest breaks.

45.    Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants had a uniform practice and/or policy during the Class Period, which applied to Plaintiff and all other class members and aggrieved employees, that required employees to remain on-site during all ten (10) minute rest breaks. Defendants' applicable Employee Handbooks that applied to Plaintiff and the other class members and aggrieved employees during the relevant time period further failed to state that employees are free to leave the premises for rest breaks.  These uniform policies and practices also failed to provide lawful timing requirements for second, third, and fourth rest breaks, contrary to California law.

46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants rigidly enforced their on-site rest break policy and failed to relieve Plaintiff and the other class members and aggrieved employees of all employer control during their rest breaks in violation of California law.  Plaintiff is also informed and believes that Defendants had a uniform policy and practice requiring Plaintiff and the other class members and aggrieved employees to ask their supervisors for permission to go on their rest breaks, and further, that these requests were regularly denied due to Defendants' practices of understaffing despite heavy workloads.

47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, shortened, late, or interrupted and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's and aggrieved employees' regular rate of pay when a meal period was missed, shortened, late, and/or interrupted. On occasions when Defendants did pay a meal period premium to Plaintiff and the other class members and aggrieved employees, it was paid at the base rate of pay, rather than at the

17

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employee's adjusted regular rate of pay based on additional remuneration such as

2  commission and service charges.

3      48.    Plaintiff is informed and believes, and based thereon alleges, that, due

4  to Defendants' uniform policy and practice of requiring employees to prioritize

5  rendering quick and efficient service to all resort guests, Defendants failed to

6  provide, authorize, and permit Plaintiff and other class members and aggrieved

7  employees to take full, uninterrupted, off-duty rest periods for every shift lasting

8  three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest

9  periods for every shift lasting six (6) to ten (10) hours, and failed to make a good

10  faith effort to authorize, permit, and provide such rest breaks in the middle of each

11  work period. Specifically, due to Defendants' policy and practice of requiring

12  employees to prioritize rendering quick and efficient service to all resort guests,

13  Plaintiff and the other class members and aggrieved employees were regularly

14  denied the opportunity to take their rest breaks, had their rest breaks interrupted by

15  management with work-related questions and instructions, and/or were regularly

16  required to end their rest breaks before ten (10) minutes had elapsed in order to

17  provide immediate service to guests at the direction of management.  Defendants

18  regularly entered the break room where Plaintiff and the other class members and

19  aggrieved employees were taking their meal and rest breaks and required them to

20  stop their breaks to continue working or to discuss tasks that needed to be done

21  after their breaks were over.

22      49.    Plaintiff is informed and believes, and based thereon alleges, that

23  Defendants knew or should have known that Plaintiff and the other class members

24  and aggrieved employees were entitled to receive all rest periods or payment of

25  one additional hour of pay at Plaintiff's and the other class member's and aggrieved

26  employees' regular rate of pay when a rest period was missed, shortened, late, or

27  interrupted and they did not receive all rest periods or payment of one additional

28  hour of pay at Plaintiff's and the other class members' and aggrieved employees'

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

regular rates of pay when a rest period was missed, shortened, late, or interrupted.

50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a uniform policy and practice that applied to Plaintiff and all the other class members and aggrieved employees, which failed to mention whatsoever that the other class members and aggrieved employees were entitled to premium pay for missed, short, late, or interrupted meal and/or rest breaks.  Plaintiff is further informed and believes that Defendants failed to pay any premiums for noncompliant rest breaks during the relevant time period, despite the fact that all of the rest breaks they have provided to the other class members and aggrieved employees —in requiring them to remain on-site for those breaks—have been in violation of California law and eligible for premium pay.  Plaintiff is also informed and believes that Defendants have not even created a pay code that would enable payroll to process rest break premium pay.

51.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members and aggrieved employees worked off-the-clock before the start of their shifts, after the end of their shifts, and during meal and rest breaks, by performing work duties, including, but not limited to, accessing and leaving employee parking lots through a specific, longer route; walking significant distances from the employee parking lots to reach their places of work and back; traveling to their designated employee lockers and putting on uniforms and/or putting away personal belongings to become "work ready"; setting up the banquet room before being given the opportunity to clock in for shifts; cleaning; taking linens to the linen closet; traveling to their designated employee lockers, collecting

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

personal belongings, taking off uniforms; dropping off and picking up uniforms from the laundry; calculating tips; closing out tables; completing paperwork and required reports at after clocking out at the end of their shifts; and providing immediate service to guests.  These tasks were done off-the-clock at the direction of management on a routine basis and took at least ten to fifteen minutes on average.

52.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a uniform policy and practice that applied to Plaintiff and all the other class members and aggrieved employees, which required employees to arrive at work early to ensure they clocked-in on time to adhere to Defendants' strict policy against tardiness where employees would be disciplined if clocking-in any later than three (3) minutes after their start time.

53.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a common policy and/or practice that applied to Plaintiff and all the other class members and aggrieved employees, which discouraged the recording of overtime that results in employees working off-the-clock.

54.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a common policy and/or practice that applied to Plaintiff and all the other class members and aggrieved employees, which permitted employees to launder their uniform on-site at the Defendants' laundry facility or through a laundry service by dropping-off their laundry on site at Defendants' premises. However, employees were required to remain off-the-clock when traveling to or from Defendants' laundry facility, despite these facilities being on resort property, and thus Defendants still expected employees to remain on-call and available to assist guests during this time.

55.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a common policy and/or practice that applied to Plaintiff and all the other class members and aggrieved employees, which required employees to don and doff uniforms in the locker room, off-the-clock, before clocking in and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

after clocking out.

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendants had a common policy and/or practice that applied to Plaintiff and all the other class members and aggrieved employees, which required all non-exempt, hourly paid employees to clock-in and clock-out using a biometric time clock located in the specific building where their departments were housed.  Further, when using the time clocks, employees were also required to wait in line to clock-in and clock-out.  Thus, no employee was able to record any time spent on duty prior to clocking-in or while clocked-out.

57.     Plaintiff is informed and believes, and based thereon alleges, that Defendants had a common policy and/or practice that applied to Plaintiff and all the other class members and aggrieved employees, which allows employees to clock-in and clock out using their own personal cell phones through a geo-locked application.  Upon information and belief, the application allows employees to clock-in or out three (3) minutes away from the department's building.

58.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including earned but unpaid overtime wages, minimum wages, reporting time pay, and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

59.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members and aggrieved employees did not receive payment of all wages, including earned but unpaid overtime wages, minimum wages, reporting time pay, and meal and rest period premiums, within

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

Fourth Amended Class Action Complaint for Damages and Enforcement Under the Private
Attorneys General Act, Cal. Labor Code §2698 Et Seq.

any time permissible under California Labor Code section 204.

60.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members and aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.  Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiff and other class members and aggrieved employees.

61.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members and aggrieved employees, the accurate total amount of wages earned by Plaintiff and the other class members and aggrieved employees, and all meal and rest premiums owed.

62.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to reimbursement for necessary business-related expenses, including, *inter alia*, the use of personal cell phones for business-related purposes and purchasing and maintaining work-related clothing.

63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members and aggrieved employees were entitled to pay equal to half the usual or scheduled day's work in an amount no less than two (2) hours nor more than four (4) hours at the employee's regular rate of pay for each workday in which Plaintiff and the other class members and aggrieved employees were required to report to work and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

were furnished less than half the usual or scheduled day's work.  Specifically, Defendants maintained a uniform policy requiring Plaintiff and the other class members and aggrieved employees to call-in and/or be available to receive calls two (2) hours prior to the start of their scheduled shift to find out whether or not they would be coming in to work their scheduled shift that day and did not pay the requisite reporting time pay at the regular rate of pay on days when Plaintiff and the other class members and aggrieved employees called in and were not put to work.

64.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members and aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members and aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

65.    During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members and aggrieved employees for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day, forty (40) hours per week, and/or more than six (6) consecutive days in a workweek without overtime compensation, at the proper rate, for all overtime hours worked.

66.    During the relevant time period, Defendants required Plaintiff and the other class members and aggrieved employees to regularly and/or consistently work in excess of six (6) days in a workweek, and Defendants required Plaintiff and the other class members and aggrieved employees to work in excess of thirty (30) hours in a week and/or six (6) hours in any one (1) day thereof, during workweeks in which they were required to work in excess of six (6) days.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

67.    During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members and aggrieved employees.

68.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members and aggrieved employees at least minimum wages for all hours worked.

69.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members and aggrieved employees all wages owed to them upon discharge or resignation.

70.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members and aggrieved employees all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

71.    During the relevant time period, Defendants required Plaintiff and the other class members and aggrieved employees to report to work without putting them to work or paying them the requisite reporting time pay.  Namely, during the relevant time period, Defendants failed to pay Plaintiff and other class members and aggrieved employees half the usual or scheduled day's work in an amount no less than two (2) hours at the employee's regular rate of pay for workdays in which Plaintiff and the other class members and aggrieved employees reported to work physically or pursuant to Defendant's call-in policy and were furnished less than half the usual or scheduled day's work, and Defendants failed to pay Plaintiff and other class members and aggrieved employees for two (2) hours at the employee's regular rate of pay on days in which Plaintiff and other class members and aggrieved employees were required to report for work a second time in one workday and were furnished less than two (2) hours of work upon the second reporting.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

72.    During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members and aggrieved employees.

73.    During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members and aggrieved employees.

74.    During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members and aggrieved employees for all necessary business-related expenses and costs.

75.    During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members and aggrieved employees pursuant to California law in order to increase Defendants' profits.

76.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

77.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

79. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day, more than forty (40) hours in a workweek, and/or more than six (6) consecutive days in a workweek at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, more than forty (40) hours in a workweek, or the first eight (8) hours worked on the seventh day in a workweek. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

80. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

81. During the relevant time period, Defendants' policies and practices, including their Employee Handbook, required Plaintiff and the other class members to park in a specific parking lots designated for employees, and prohibited them from using the main roads to enter these lots in their vehicles, instead requiring them to take a detour through a residential area. This detour took up to four (4) minutes longer than it would have taken employees had they been able to access the lots through the main road. These lots were a significant distance from the facilities, requiring Plaintiff and other class members to walk a significant distance just to reach their place of work. For example, before every shift, Plaintiff was required to park in the designated employee lot from which it took him approximately five minutes to reach the time clock that he was required to use.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

During this portion of the commute to work, Defendants exercised control over Plaintiff and the other class members and, thus, were required to compensate Plaintiff and the other class members for time spent under Defendants' control.

82.    During the relevant time period, Plaintiff and other class members would have to arrive at work early to ensure they clocked-in on time to adhere to Defendants' strict policy against tardiness where employees would be disciplined if clocking-in any later than three (3) minutes after their start time.

83.    During the relevant time period, Plaintiff and the other class members were required by Defendant to wear uniforms while working.  Defendants had a policy and practice of requiring that Plaintiff and the other class members clock in for work in clean uniforms daily, requiring them to put their uniforms in the laundry at Defendants' facilities.  As such, Plaintiff and the other class members were forced to keep their uniforms in their lockers or with the laundry facilities at work and change into them upon arrival for their scheduled shift before clocking in, and to change out of their uniforms and bring them to the laundry after clocking out. For example, at least once a week, Plaintiff had to first walk to the housekeeping building to pick up his clean uniforms before clocking in for his shift.  Further, at least once a week, Plaintiff had to walk to the housekeeping building to drop off his dirty uniforms after clocking out.

84.    During the relevant time period, Defendants' policies, including the Employee Handbook, required Plaintiff and the other class members to have all personal belongings put away while working. As such, Plaintiff and the other class members were required to put their personal belongings away in the lockers assigned to them by Defendants at Defendants' facilities upon arrival for their scheduled shifts before clocking in, and to go to their designated lockers and take out their personal belongings after clocking out.

///

///

85.     During the relevant time period, Defendants' uniform policies and practices, including the Employee Handbook, required all employees be in full uniform and ready to begin work prior to clocking in for their shifts, and requiring all employees to clock out immediately after their scheduled shift was complete. As a result, during the relevant time period, Plaintiff and the other class members were required to pick up their uniforms from the laundry, go to their lockers to change, and to store their personal belongings before they were allowed to clock in for their scheduled shifts.  Additionally, as a result of this policy and practice, Plaintiff and the other class members were required to clock out before closing out their tables, calculating tips, going to their designated lockers to change out of their uniforms and collect their personal belongings, and dropping their dirty uniforms off at the laundry.  Specifically, before every shift, Plaintiff was required to travel on company approved routes to the employee parking lot; walk to the building where the lockers were located; walk downstairs to his designated employee locker; change into his uniform shirt, pants, and apron; put away his phone, keys, and wallet; and walk back upstairs to the time clock before clocking in. Further, after every shift, Plaintiff was required to clock out before walking downstairs to his designated employee locker; changing out of his uniform shirt, pants, and apron; retrieving his phone, keys, and wallet; and walking back upstairs to exit the building and travel to the employee parking lot and through company approved routes after clocking out.

86.     During the relevant time period, Defendants' policy, practice, and Attendance Disciplinary Notice form required reprimand of Plaintiff and the other class members for clocking in more than three minutes after the start of their scheduled shifts. As a result, Plaintiff and the other class members were required to arrive at work prior to their scheduled start times to ensure they were in full uniform and work ready by the time they were required to clock in. For example, at least once a week, Plaintiff was regularly required to arrive at the employee

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

parking lot fifteen (15) minutes prior to the start of his shift to ensure he had time to pick up his uniform from the laundry, walk to the building that housed his designated employee locker, go downstairs to the locker room, change into his uniform and put away his personal belongings, and walk back up the stairs to clock in before his scheduled start time.

87.     During the relevant time period, Defendants' policies and practices, including their Employee Performance Reviews, required employees to ensure guests enjoy a leisurely conclusion to their meals. As a result of these policies and practices, Plaintiff and the other class members were required to continue working as long as necessary until all guests were finished dining and closing procedures had been completed. Specifically, Plaintiff was regularly scheduled to work shifts beginning anywhere from 1:00 p.m. to 4:30 p.m. and required to continue working until 11:00 p.m. or later.

88.     During the relevant time period, Defendants' policies and practices, including their Employee Performance Reviews and Employee Handbook, required employees to prioritize rendering quick and efficient service to all resort guests. Due to these policies and practices, Plaintiff and the other class members were regularly approached by managers while clocked out for their meal breaks and required to provide immediate service to guests while off the clock. For example, at least twice a week while clocked out for his meal break in the employee break room, Plaintiff was approached by superiors and told that a party had just finished eating one course of their meal and that he was required to clear their plates immediately to prepare for their next course. Further, at least once a week while clocked out for his meal break in the employee break room, Plaintiff was approached by superiors and told that he needed to complete additional set up immediately. On these occasions, Plaintiff was instructed to address these issues immediately and to remain clocked out while doing so.

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

89.     As a result of Defendants' policies and practices, during the relevant time period, Plaintiff and the other class members were required to work in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of six (6) consecutive days in a workweek performing work duties off-the-clock prior to clocking in on a weekly basis, including accessing employee parking lots through a specific, longer route; walking significant distances from the employee parking lots to reach their places of work; picking up uniforms from the laundry; traveling to their designated employee lockers and putting on uniforms and/or putting away personal belongings to become "work ready"; providing immediate service to dining guests, and setting up the banquet room.

90.     As a result of Defendants' policies and practices, during the relevant time period, Plaintiff and the other class members were required to work in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of six (6) consecutive days in a workweek performing work duties off-the-clock after clocking out on a weekly basis, including leaving the employee parking lots through a specific, longer route; walking significant distances to the employee parking lots; taking off uniforms; collecting personal belongings from lockers; taking uniforms to the laundry; calculating tips; and closing out tables.

91.     For example, at least once a week, Plaintiff was required to be "work ready" and clocked in by 3:00 p.m. This required Plaintiff to get to Defendants' facilities by 2:45 p.m., as, upon arriving, he was required to drive past the resort onto a detour through a small, windy, residential street in order to reach the designated employee parking lot where he was required to park. Once parked in the lot, he was required to walk to the housekeeping building to pick up his uniform, walk to the building that housed his designated employee locker, travel downstairs to the locker room, change into his uniform shirt, pants, and apron that he was required to wear as a server, and store his phone, wallet, and other personal belongings inside of his designated employee locker. After this, Plaintiff would go

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

back upstairs and clock in, and begin various set-up tasks, such as setting up large tables, cleaning up surrounding areas, and polishing silverware and glassware. As soon as he finished setting up, he was required to wait for guests to arrive and be ready to greet them. Plaintiff would not be permitted to begin cleaning up until all guests were done dining and the dining room was empty, which did not happen until approximately 10:30 p.m. Once guests were finished dining and the dining room was empty, Plaintiff cleaned up, which included clearing off tables, bussing all dishware and silverware, taking all linens off the tables, and putting them in the linen bags, wiping down tables, breaking down tables, putting tables and chairs back in their designated areas, and taking out the garbage. Plaintiff was also required to calculate and report his tips in order to close out his tables before leaving and was told by management to clock out before doing this. After clocking out and closing out his tables, Plaintiff was then required to go back to the locker room, put his uniform in the laundry, collect his personal belongings, walk back to the employee parking lot, and exit the lot through the same residential street from which he was required to enter the lot each day. As a result, Plaintiff regularly worked over eight (8) hours a day and/or over forty (40) hours a week due to time spent working off-the-clock but was not compensated for these overtime hours.

92.     Further, during the relevant time period, Defendants issued non-discretionary payments to the other class members (in the forms of non-discretionary bonuses, shift differential payments, incentives, commissions, service charge payments, and other forms of non-discretionary payments) that should have been included in Plaintiff and the other class members' regular rates of pay when calculating overtime.  However, Defendants failed to implement a practice of doing this.  Defendants thus failed to include all non-discretionary incentive payments in the regular rate of pay for purposes of overtime.

///

///

93.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members at all or at the correct rate. Defendants had a policy and practice of requiring employees to change into their full uniforms prior to clocking in. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

94.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

97.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

98.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

99.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

100.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

101.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

102.    During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late, and/or were interrupted due to Defendants' uniform policy and practice of prioritizing rendering quick and efficient service to all resort guests; as well as because Defendants required them to perform work duties including, but not limited to, providing customer service to clients and serving food and beverages at events at the employer's facilities. Defendants' customer service policy also did not permit Plaintiff and other class members to abandon a customer they were attending to in order to take an uninterrupted meal period of no less than thirty (30) minutes before the end of their fifth hour of work.  Due to this policy, Plaintiff and the other class members were

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

regularly denied the opportunity to take their meal breaks, had their meal breaks interrupted by management with work-related questions and instructions, and/or were regularly required to end their meal breaks before thirty (30) minutes had elapsed in order to provide immediate service to guests. By way of example, Plaintiff was required to serve food and beverages at events that lasted at least 6 hours. Often times, when Plaintiff was working these events, he was not authorized or permitted to take a full, uninterrupted, timely thirty (30) minute meal break. As another example, Plaintiff and the other class members were regularly scheduled to staff events. On those days, Plaintiff and other class members were required to report to work at 4:30 p.m. and were unable to take a meal break until the event ended at 10 p.m., as they were not permitted to take breaks while working an event. As another example, when working in Defendants' restaurants, Plaintiff and other class members were required to report to work at 4:30 p.m. and were unable to take a meal break until the last table of customers had finished their meal, which was often as late as 10 p.m.

103.   For example, during the relevant time period, Plaintiff was required to arrive at work between 2:45 p.m. and 4:15 p.m. and immediately begin setting up. Once he was finished setting up, Plaintiff would ask his managers if he could take his meal break. At least three times a week, this request was denied, and he was told that he was only permitted to "quickly get food and come back", rather than taking the full thirty (30) minutes to which he was entitled by law, because his managers, in accordance with Defendants' uniform policies and practices, required him to stay and wait for guests to arrive so that he could begin serving them immediately. Once guests arrived, Plaintiff was not allowed to take a full, uninterrupted thirty (30) minute break until all guests were finished dining and the room was empty, which was often as late as 10:30 p.m.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

104.    Defendants interrupted Plaintiff and the other class members during purported meal periods with business-related inquiries, instructions for tasks, and/or to require them to return to work before a full thirty (30) minutes elapsed to complete or begin tasks.  For example, in one instance, Plaintiff was working as a server for a wedding party held in one of Defendants' banquet rooms.  During his shift, after setting up the banquet room, he was taking his meal break in the employee break room when his manager entered the break room to notify him that there had been change in the number of guests at the event and that he would need to end his break early to make changes to the set-up. As another example, at least twice a week while clocked out for his meal break in the employee break room, Plaintiff was approached by superiors and told that a party had just finished eating one course of their meal and that he was required to clear their plates immediately to prepare for their next course.  On these occasions, Plaintiff was instructed to address these issues immediately, requiring him to end his lunch break before thirty (30) minutes had elapsed.

105.    As a result, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

106.    As a result, during the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

107.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7. Specifically, during the pay period ending on November 24, 2017, Plaintiff worked three shifts longer than five (5) hours during which he was not provided uninterrupted meal periods of not less than thirty (30) minutes and did not waive these legally mandated meal periods by mutual consent. However, he did not receive premium pay for any of these three missed meal periods.

108.    In addition, when Defendants paid meal period premiums to Plaintiff and the other class members, the premiums were paid at Plaintiff's and the other class members' base hourly rate, rather than at their respective regular rates of pay. Specifically, during the relevant time period, Defendants issued non-discretionary payments to the other class members (in the forms of non-discretionary bonuses, shift differential payments, incentives, commissions, service charge payments, and other forms of non-discretionary payments) that should have been included in Plaintiff and other class members' regular rates of pay for purposes of calculating meal and rest period premiums pursuant to California Labor Code section 226.7. However, Defendants failed to implement a practice of doing this. Defendants thus failed to include all non-discretionary incentive payments in the regular rate of pay for purposes of meal and rest period premiums pursuant to California Labor Code section 226.7.

109.    Despite being aware of the need to adjust the regular rate of pay for purposes of overtime payments, Defendants did not do so for purposes of calculating meal period premiums paid to Plaintiff and the other class members.

110.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

///

///

111.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

112.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

114.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

115.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

116.    During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

117.   During the relevant time period, Defendants did not provide Plaintiff and the other class members ten (10) minute rest periods when they worked shifts of at least three and one-half (3 ½) hours but less than four (4) hours in length. By way of example, Plaintiff was required to serve food and beverages at events that lasted at least 6 hours.  Often times when Plaintiff was working these events, he was not authorized or permitted to take a full, uninterrupted, timely, and off-duty rest period.

118.   During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or were interrupted due to Defendants' uniform policy and practice of prioritizing rendering quick and efficient service to all resort guests.  Due to this policy,  Plaintiff and the other class members were regularly denied the opportunity to take a timely, uninterrupted rest period of no less than ten (10) minutes for each four hours, or major fraction thereof, worked, because management interrupted their rest breaks for work-related questions and instructions, and/or regularly required them to end their rest breaks before ten (10) minutes had elapsed in order to provide immediate service to guests.

119.   Defendants' customer service policy also did not permit Plaintiff and other class members to abandon a customer they were attending to in order to take a timely, uninterrupted rest period of no less than ten (10) minutes for each four hours, or major fraction thereof, worked. For example, during the relevant time period, Plaintiff was scheduled to staff private events in Defendants' banquet room once a week.  On those days, he was required to report to work between 2:45 p.m. and 4:00 p.m. and immediately began setting up the banquet room.  Once he was finished setting up the banquet room, Plaintiff regularly asked his manager if he could take a ten (10) minute rest break and was denied, because, in accordance with Defendants' uniform policies and practices, management required him to wait for guests to arrive so that he could begin serving them immediately. Once guests did arrive, Plaintiff was not allowed to take a full, uninterrupted ten (10) minute break

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

until all guests were finished dining and the room was empty, which was often as late as 10:30 p.m. As another example, Plaintiff and the other class members were regularly scheduled to staff events.  On those days, Plaintiff and other class members were required to report to work at 4:30 p.m. and were unable to take a rest break until the event ended at 10 p.m., as they were not permitted to take breaks while working at an event.  As another example, when working in Defendants' restaurants, Plaintiff and other class members were required to work at 4:30 p.m. and were unable to take a rest break until the last table of customers had finished their meal, which was often as late as 10 p.m.

120.   Defendants interrupted Plaintiff and the other class members during purported rest periods with business-related inquiries, instructions for tasks, and/or to require them to return to work before a full ten (10) minutes elapsed to complete or begin tasks.  For example, at least once a week while Plaintiff was attempting to take a rest break in the employee break room, management entered the room and instructed him to complete additional set up immediately.   As another example, at least three times a week while Plaintiff was attempting to take a rest break in the employee break room, management entered the room and told him that a table he was serving needed him.  On these occasions, Plaintiff was instructed to end go back to work immediately, requiring him to end his rest break before ten (10) minutes had elapsed.

121.   As a result, Defendants failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

122.   As a result, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. For example, throughout their employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each four hours worked, or major fraction thereof, he was not provided with rest period premium payments.

123.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

124.   In addition, when Defendants paid rest period premiums to Plaintiff and the other class members, the premiums were paid at Plaintiff's and the other class members' base hourly rate, rather than at their respective regular rates of pay. Specifically, during the relevant time period, Defendants issued non-discretionary payments to the other class members (in the forms of non-discretionary bonuses, shift differential payments, incentives, commissions, service charge payments, and other forms of non-discretionary payments) that should have been included in Plaintiff and other class members' regular rates of pay for purposes of calculating meal and rest period premiums pursuant to California Labor Code section 226.7. However, Defendants failed to implement a practice of doing this.  Defendants thus failed to include all non-discretionary incentive payments in the regular rates of pay for purposes of meal and rest period premiums pursuant to California Labor Code section 226.7.

125.   Despite being aware of the need to adjust the regular rate of pay for purposes of overtime payments, Defendants did not do so for purposes of calculating rest period premiums paid to Plaintiff and the other class members.

126.  Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

127.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)
### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

128.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 127, and each and every part thereof with the same force and effect as though fully set forth herein.

129.   At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

130.   During the relevant time period, Defendants' policies and practices, including their Employee Handbook, required Plaintiff and the other class members to park in a specific parking lots designated for employees, and prohibited them from using the main roads to enter these lots in their vehicles, instead requiring them to take a detour through a residential area. This detour took up to four (4) minutes longer than it would have taken employees had they been able to access the lots through the main road. These lots were a significant distance from the facilities, requiring Plaintiff and other class members to walk a significant distance just to reach their place of work. For example, before every shift, Plaintiff was required to park in the designated employee lot from which it took him approximately five minutes to reach the time clock that he was required to use. During this portion of the commute to work, Defendants exercised control over Plaintiff and the other class members and, thus, were required to compensate Plaintiff and the other class members for time spent under Defendants' control.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

131.    During the relevant time period, Plaintiff and the other class members were required by Defendants to wear uniforms while working. Defendants had a policy and practice of requiring that Plaintiff and the other class members clock in for work in clean uniforms daily, requiring them to put their uniforms in the laundry at Defendants' facilities. As such, plaintiff and the other class members were forced to keep their uniforms in their lockers or with the laundry facilities at work and change into them upon arrival for their scheduled shift before clocking in, and to change out of their uniforms and bring them to the laundry after clocking out. For example, at least once a week, Plaintiff had to first walk to the housekeeping building to pick up his clean uniforms before clocking in for his shift. Further, at least once a week, Plaintiff had to walk to the housekeeping building to drop off his dirty uniforms after clocking out.

132.    During the relevant time period, Defendants' policies, including the Employee Handbook, required Plaintiff and the other class members to have all personal belongings put away while working. As such, Plaintiff and the other class members were required to put their personal belongings away in the lockers assigned to them by Defendants at Defendants' facilities upon arrival for their scheduled shifts before clocking in, and to go to their designated lockers and take out their personal belongings after clocking out.

133.    During the relevant time period, Defendants' uniform policies and practices, including the Employee Handbook, required all employees be in full uniform and ready to begin work prior to clocking in for their shifts, and requiring all employees to clock out immediately after their scheduled shift was complete. As a result, during the relevant time period, Plaintiff and the other class members were required to pick up their uniforms from the laundry, go to their lockers to change, and to store their personal belongings before they were allowed to clock in for their scheduled shifts. Additionally, as a result of this policy and practice, Plaintiff and the other class members were required to clock out before closing out

their tables, calculating tips, going to their designated lockers to change out of their uniforms and collect their personal belongings, and dropping their dirty uniforms off at the laundry. Specifically, before every shift, Plaintiff was required to travel on company approved routes to the employee parking lot; walk to the building where the lockers were located; walk downstairs to his designated employee locker; change into his uniform shirt, pants, and apron; put away his phone, keys, and wallet; and walk back upstairs to the time clock before clocking in. Further, after every shift, Plaintiff was required to clock out before walking downstairs to his designated employee locker; changing out of his uniform shirt, pants, and apron; retrieving his phone, keys, and wallet; and walking back upstairs to exit the building and travel to the employee parking lot and through company approved routes after clocking out.

134.   During the relevant time period, Defendants' policies and practices, including their Employee Performance Reviews, required employees to ensure guests enjoy a leisurely conclusion to their meals. As a result of these policies and practices, Plaintiff and the other class members were required to continue working as long as necessary until all guests were finished dining and closing procedures had been completed. Specifically, Plaintiff was regularly scheduled to work shifts beginning anywhere from 1:00 p.m. to 4:30 p.m. and required to continue working until 11:00 p.m. or later.

135.   During the relevant time period, Defendants' policies and practices, including their Employee Performance Reviews and Employee Handbook, required employees to prioritize rendering quick and efficient service to all resort guests. Due to these policies and practices, Plaintiff and the other class members were regularly approached by managers while clocked out for their meal breaks and required to provide immediate service to guests while off the clock. For example, at least twice a week while clocked out for his meal break in the employee break room, Plaintiff was approached by superiors and told that a party had just

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

finished eating one course of their meal and that he was required to clear their plates immediately to prepare for their next course. Further, at least once a week while clocked out for his meal break in the employee break room, Plaintiff was approached by superiors and told that he needed to complete additional set up immediately. On these occasions, Plaintiff was instructed to address these issues immediately and to remain clocked out while doing so.

136.   As a result of Defendants' policies and practices, during the relevant time period, Plaintiff and the other class members were required to work off-the-clock prior to clocking in on a weekly basis, including accessing employee parking lots through a specific, longer route; walking significant distances from the employee parking lots to reach their places of work; picking up uniforms from the laundry; traveling to their designated employee lockers and putting on uniforms and/or putting away personal belongings to become "work ready"; providing immediate service to dining guests, setting up the banquet room before being given the opportunity to clock in for shifts; cleaning up and taking linens out to the linen closet, calculating tips, and completing paperwork and required reports at after clocking out at the end of their shifts.

137.   As a result of Defendants' policies and practices, during the relevant time period, Plaintiff and the other class members were required to work off-the-clock after clocking out on a weekly basis, including leaving the employee parking lots through a specific, longer route; walking significant distances to the employee parking lots; taking off uniforms; collecting personal belongings from lockers; taking uniforms to the laundry; calculating tips; and closing out tables.

138.   For example, at least once a week, Plaintiff was required to be "work ready" and clocked in by 3:00 p.m. This required Plaintiff to get to Defendants' facilities by 2:45 p.m., as, upon arriving, he was required to drive past the resort onto a detour through a small, windy, residential street in order to reach the designated employee parking lot where he was required to park. Once parked in

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

the lot, he was required to walk to the housekeeping building to pick up his uniform, walk to the building that housed his designated employee locker, travel downstairs to the locker room, change into his uniform shirt, pants, and apron that he was required to wear as a server, and store his phone, wallet, and other personal belongings inside of his designated employee locker. After this, Plaintiff would go back upstairs and clock in, and begin various set-up tasks, such as setting up large tables, cleaning up surrounding areas, and polishing silverware and glassware. As soon as he finished setting up, he was required to wait for guests to arrive and be ready to greet them. Plaintiff would not be permitted to begin cleaning up until all guests were done dining and the dining room was empty, which did not happen until approximately 10:30 p.m. Once guests were finished dining and the dining room was empty, Plaintiff cleaned up, which included clearing off tables, bussing all dishware and silverware, taking all linens off the tables and putting them in the linen bags, wiping down tables, breaking down tables, putting tables and chairs back in their designated areas, and taking out the garbage. Plaintiff was also required to calculate and report his tips in order to close out his tables before leaving and was told by management to clock out before doing this. After clocking out and closing out his tables, Plaintiff was then required to go back to the locker room, put his uniform in the laundry, collect his personal belongings, walk back to the employee parking lot, and exit the lot through the same residential street from which he was required to enter the lot each day. As a result, Plaintiff performed work off the clock for which he was not compensated.

139.   During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, accessing and leaving employee parking

lots through a specific, longer route; walking significant distances from the employee parking lots to reach their places of work and back; traveling to their designated employee lockers and putting on uniforms and/or putting away personal belongings to become "work ready";  traveling to their designated employee lockers, collecting personal belongings, taking off uniforms; dropping off and picking up uniforms from the laundry; calculating tips; closing out tables; and providing immediate service to guests.

140.   During the relevant time period, Defendants required Plaintiff and the other class members to report to work without putting them to work and paying them the requisite reporting time pay.  Namely, during the relevant time period, Defendants failed to pay Plaintiff and other class members half the usual or scheduled day's work in an amount no less than two (2) hours at the employees' regular rates of pay for workdays in which Plaintiff and the other class members reported to work and were furnished less than half the usual or scheduled day's work, and Defendants failed to pay Plaintiff and other class members for two (2) hours at the employees' regular rates of pay on days in which Plaintiff and other class members were required to report for work a second time in one workday and were furnished less than two (2) hours of work upon the second reporting. Specifically, Defendants maintained a uniform policy requiring Plaintiff and the other class members to call-in and/or be available to receive calls two (2) hours prior to the start of their scheduled shift to find out whether or not they would be coming in to work their scheduled shift that day and did not pay the requisite reporting time pay at the regular rate of pay on days when Plaintiff and the other class members called in and were not put to work.

141.   Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

142.  Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

143.  Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

144.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 143, and each and every part thereof with the same force and effect as though fully set forth herein.

145.  At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

146.  During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged their wages, earned and unpaid, immediately at the time of their discharge. Plaintiff was not paid at the time of his discharge wages earned and unpaid throughout his employment, including but not limited to, minimum wages for time worked off-

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

47

the-clock to perform work duties including donning and doffing, responding to business-related inquiries, and completing time-sensitive company deadlines and for meal and rest period premium payments.

147.  Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout his employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for short, late, interrupted, and/or missed meal and rest periods.

148.  During the relevant time period, Defendants intentionally and willfully failed to pay other class members who quit their employment with Defendants with less than seventy-two (72) hours' notice their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, including, but not limited to, overtime and minimum wages for time worked off-the-clock performing work duties, including, but not limited to, setting up the banquet room before being given the opportunity to clock in for shifts; accessing and leaving employee parking lots through a specific, longer route; walking significant distances from the employee parking lots to reach their places of work and back; cleaning up and taking linens out to the linen closet; traveling to their designated employee lockers and putting on uniforms and/or putting away personal belongings to become "work ready"; traveling to their designated employee lockers, collecting personal belongings, taking off uniforms; dropping off and picking up uniforms from the laundry; calculating tips; completing paperwork and required reports at after clocking out at the end of their shifts; closing out tables; and providing immediate service to guests; unpaid or incomplete meal and rest period premiums for meal and rest periods that were short, late, interrupted, and/or missed at the direction of Defendants; and unpaid reporting time pay due to Defendants' call-in policy.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

149.   Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

150.   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

151.   Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

152.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 151, and each and every part thereof with the same force and effect as though fully set forth herein.

153.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

154.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and

1   the 10th day of the following month.

2   155.   At all times herein set forth, California Labor Code section 204

3   provides that all wages earned for labor in excess of the normal work period shall

4   be paid no later than the payday for the next regular payroll period.

5   156.   During the relevant time period, Defendants intentionally and

6   willfully failed to pay Plaintiff and the other class members all wages due to

7   them, within any time period permissible under California Labor Code section

8   204.

9   157.   Plaintiff and the other class members are entitled to recover all

10   remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

15   158.   Plaintiff incorporates by reference the allegations contained in

16   paragraphs 1 through 157, and each and every part thereof with the same force and

17   effect as though fully set forth herein.

18   159.   At all material times set forth herein, California Labor Code section

19   226(a) provides that every employer shall furnish each of his or her employees an

20   accurate itemized statement in writing showing (1) gross wages earned, (2) total

21   hours worked by the employee, (3) the number of piece-rate units earned and any

22   applicable piece rate if the employee is paid on a piece-rate basis, (4) all

23   deductions, provided that all deductions made on written orders of the employee

24   may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

25   dates of the period for which the employee is paid, (7) the name of the employee

26   and his or her social security number, (8) the name and address of the legal entity

27   that is the employer, and (9) all applicable hourly rates in effect during the pay

28   period and the corresponding number of hours worked at each hourly rate by the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

160.   Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members and the gross and net wages actually earned.   As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize, and/or permit meal and rest periods or to pay the premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages that were earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off-the-clock or any meal and/or rest period premiums earned.

161.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.  Because Plaintiff and the other class members' wage statements did not reflect the accurate number of regular hours worked, Plaintiff and the other class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed and were unable to verify they were paid the proper amount.  In order to determine how much Plaintiff and the other class members should have been paid, Plaintiff and the other class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

162.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

163.   Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

164.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

165.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

166.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

167.   Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

168.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)

169.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 168, and each and every part thereof with the same force and effect as though fully set forth herein.

170.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

171.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

172.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

173.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against HV GLOBAL MANAGEMENT CORPORATION and DOES 1 through 100)**

174.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 173, and each and every part thereof with the same force and effect as though fully set forth herein.

175.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

176.   Plaintiff and the other class members incurred necessary business-related expenses and costs throughout the duration of their employment that were not fully reimbursed by Defendants, including but not limited to purchasing and maintaining clothing in compliance with Defendants' dress code and using personal phones for business-related purposes.

177.   During the relevant time period, Defendants maintained a policy and requiring Plaintiff and the other class members to call-in and/or be available to receive calls on their personal cell phones two (2) hours prior to the start of their scheduled shift to find whether they would need to come into work on any given day or not.  Due to this policy, Plaintiff and the other class members were required to use their personal cell phones almost every day. This was because they were often on standby, such that Defendants would call Plaintiff and other class members on their personal cell phones in order to inform them of whether they would need to come into work on any given day or not.  Plaintiff and other class members could not avoid Defendants' calls or text messages and were required to stand-by and respond to Defendants via call or text message.  For example, while Plaintiff was scheduled to work five (5) to six (6) days a week, his schedule was always subject

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

to change up until as little as forty-five (45) minutes before his shift was scheduled to start, depending on the number of reservations and the number of other servers who would be working that shift.  As such, Plaintiff was required to wait for Defendants' call anywhere between two (2) hours and forty-five (45) minutes prior to his scheduled start time.  Often, he did not receive a call and had no choice but to call in himself.  Despite Defendants' knowledge that their policy required Plaintiff and the other class members to use their personal cell phones for business-related purposes on a daily basis, Defendants failed to reimburse Plaintiff and the other class members for their personal cell phone usage.

178.    During the relevant time period, Defendants had a policy of allowing Plaintiff and other class members to clock-in or clock-out using a program on their personal cell phones.  Despite this, Defendants did not reimburse Plaintiff and the other class members for cell phone usage to clock in and out.

179.    During the relevant time period, Plaintiff and other class members were required to purchase and maintain specific clothing in order to comply with Defendants' dress code, including but not limited to, non-slip shoes and clothing of a particular color that could only be used for work purposes.

180.    During the relevant time period, Plaintiff and the other class members were required by Defendants to wear uniforms while working. They were required to show up ready to work in clean uniforms every day.  Defendants only provided Plaintiff and the other class members with one set of clothing items for their uniforms but were aware that it was necessary for Plaintiff and the other class members to buy additional sets of clothing items for their uniforms, as well as items not provided by Defendants such as non-slip shoes.  Defendants told Plaintiff and the other class members if they purchased additional sets of clothing items and shoes for their uniforms and submitted their receipts to management, they would be reimbursed for those items.  However, Defendants failed to reimburse the costs of these items as promised.  For example, Plaintiff was required to arrive at the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

beginning of every shift wearing a black shirt, black tie, black pants, and non-slip shoes. Defendants provided him one shirt and one apron and told him that if he needed to buy additional shirts and/or aprons, he could submit his receipts to management and receive a reimbursement in his next paycheck. Plaintiff was also told to buy his own pants and shoes for his uniform and submit his receipts for those items to management to receive a reimbursement in his next paycheck. During the relevant time period, Plaintiff purchased approximately six (6) shirts and three (3) pairs of pants and one (1) pair of non-slip shoes and submitted his receipts to management but was never reimbursed for the costs of those items.

181.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

182.   Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against HV GLOBAL MANAGEMENT CORPORATION, and DOES 1 through 100)

183.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 182, and each and every part thereof with the same force and effect as though fully set forth herein.

184.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure

section 1021.5.

185.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

186.   A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 2800 and 2802. Defendants also failed to properly pay reporting time pay in violation of California Labor Code section 1198, and the applicable IWC Wage Order(s).

187.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

188.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

189.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences November 3, 2017; an award of attorneys' fees pursuant to California Code of Civil procedure

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   section 1021.5 and other applicable laws; and an award of costs.

2   190.   Pursuant to California Business & Professions Code section 17208, any

3   action to enforce a claim under California Business & Professions Code sections

4   17200, *et seq.* must be brought within four years after the cause of action accrued.

5   The statute of limitations for violations of California Labor Code provisions

6   providing a remedy other than a penalty is three years.  Thus, for the period from

7   November 3, 2017 to November 3, 2018, there is no adequate remedy at law for

8   Defendants' violations of the California Labor Code.

### ELEVENTH CAUSE OF ACTION

**(Violation of California Labor Code § 2698, et seq.)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, and DOES 1 through 100)**

191.   Plaintiff incorporates by reference the allegations contained in

paragraphs 1 through 9 and 16 through 182, and each and every part thereof with the

same force and effect as though fully set forth herein.

192.   Labor Code section 2699(f) provides, in pertinent part: "For all

provisions of this code except those for which a civil penalty is specifically

provided, there is established a civil penalty for a violation of these provisions, as

follows: . . . If, at the time of the alleged violation, the person employs one or more

employees, the civil penalty is one hundred dollars ($100) for each aggrieved

employee per pay period for the initial violation and two hundred dollars ($200)

for each aggrieved employee per pay period for each subsequent violation."

193.   Labor Code section 2699(g)(1) provides, in pertinent part: "[A]n

aggrieved employee may recover the civil penalty described in subdivision (f) in a

civil action . . . filed on behalf of himself or herself and other current or former

employees against whom one or more of the alleged violations was committed.

Any employee who prevails in any action shall be entitled to an award of

reasonable attorney's fees and costs."

58

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

194.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

195.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

196.   Plaintiff is an aggrieved employee as defined by Labor Code section 2699(a).  Specifically, Plaintiff, a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).  Plaintiff was employed by Defendants as a non-exempt hourly employee in California.

197.   During the applicable limitations period, Defendants have violated various provisions of the California Labor Code and applicable IWC Wage Order(s), including, *inter alia*, California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, 2800, 2802, and 2802.1, and the applicable IWC Wage Order(s), for which Plaintiff seeks civil penalties.[1]

   a.   For violations of California Labor Code §§ 201, 202, 203, 226.7, 1174, 1194, 1198 and 2802, Plaintiff seeks civil penalties as follows: one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each

---

[1] Plaintiff hereby reserves the right to seek penalties on behalf of all Aggrieved Employees, for Defendants' violations of the applicable provisions of the Labor Code, suffered by Aggrieved Employees, but not directly suffered by Plaintiff under *Huff v. Securitas Security Services USA, Inc.*, 23 Cal.App.5th 745 (2018).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

subsequent violation (penalties set by Labor Code § 2699(f)(2));

b.      For violations of California Labor Code § 203, Plaintiff seeks civil penalties as follows: a penalty in an amount not exceeding thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

c.      For violations of California Labor Code § 204, Plaintiff seeks civil penalties as follows: one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or

d.      For violations of California Labor Code § 226(a), if this action is deemed to be an initial citation, Plaintiff seeks civil penalties as follows:  two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for each violation (penalties set by Labor Code § 226.3);

e.      For violation of California Labor Code §§ 510 and 512, Plaintiff seeks civil penalties as follows: fifty dollars ($50) for each employee for each initial pay period for which the employee was underpaid, and one hundred dollars ($100) for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558);

f.      For violations of California Labor Code § 1197, Plaintiff seeks civil penalties as follows: one hundred dollars ($100) for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional and two hundred and fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1197, regardless of whether the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    initial violation was intentional (penalties set by Labor Code § 1197.1);

2            g.    Pursuant to California Labor Code § 2699(g), Plaintiff seeks

3    an award of reasonable attorneys' fees and costs in connection with Plaintiff's

4    claims for civil penalties.

5        198.    Plaintiff, on behalf of himself and all other aggrieved employees,

6    requests civil penalties against Defendants for violations of the Labor Code, as

7    provided under Labor Code section 2699(f), plus reasonable attorneys' fees and

8    costs, as provided under California Labor Code sections 210, 218.5 and 2699(g),

9    in amounts to be proven at trial.

10                          **Failure to Pay Overtime**

11        199.    Defendants' failure to pay legally required overtime wages to Plaintiff

12    and the other aggrieved employees is in violation of the Wage Orders and California

13    Labor Code sections 510 and 1198.

14                        **Failure to Provide Meal Periods**

15        200.    Defendants' failure to provide legally required meal periods to

16    Plaintiff and the other aggrieved employees is in violation of the Wage Orders and

17    California Labor Code sections 226.7 and 512(a).

18                        **Failure to Provide Rest Periods**

19        201.    Defendants' failure to provide legally required rest periods to Plaintiff

20    and the other aggrieved employees is in violation of the Wage Orders and

21    California Labor Code section 226.7.

22                        **Failure to Pay Minimum Wages**

23        202.    Defendants' failure to pay legally required wages to Plaintiff and the

24    other aggrieved employees is in violation of the Wage Orders and California Labor

25    Code sections 1194, 1197, 1197.1, and 1198.

26                **Failure to Timely Pay Wages Upon Termination**

27        203.    Defendants' failure to timely pay wages to Plaintiff and the other

28    aggrieved employees upon termination is in violation of California Labor Code

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

sections 201 and 202.

## Failure to Timely Pay Wages During Employment

204.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment is in violation of California Labor Code section 204.

## Failure to Provide Complete and Accurate Wage Statements

205.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees is in violation of California Labor Code section 226(a).

## Failure to Pay Reporting Time Pay

206.    Defendants' failure to pay reporting time pay to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and California Labor Code section 1198.

## Failure to Reimburse Necessary Business-Related Expenses and Costs

207.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs is in violation of California Labor Code sections 2800 and 2802.

208.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the LWDA for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

///

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

## **Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

## **As to the First Cause of Action**

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

## **As to the Second Cause of Action**

10.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

<u>**As to the Third Cause of Action**</u>

17.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(c);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

22.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants'

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    employ;

2    33.    For pre-judgment interest on any unpaid compensation from the date

3    such amounts were due; and

4    34.    For such other and further relief as the Court may deem just and

5    proper.

6    ## As to the Sixth Cause of Action

7    35.    That the Court declare, adjudge and decree that Defendants violated

8    California Labor Code section 204 by willfully failing to pay all compensation

9    owed at the time required by California Labor Code section 204 to Plaintiff and

10   the other class members;

11   36.    For all actual, consequential, and incidental losses and damages,

12   according to proof;

13   37.    For pre-judgment interest on any unpaid compensation from the date

14   such amounts were due; and

15   38.    For such other and further relief as the Court may deem just and

16   proper.

17   ## As to the Seventh Cause of Action

18   39.    That the Court declare, adjudge and decree that Defendants violated

19   the record keeping provisions of California Labor Code section 226(a) and

20   applicable IWC Wage Orders as to Plaintiff and the other class members, and

21   willfully failed to provide accurate itemized wage statements thereto;

22   40.    For actual, consequential and incidental losses and damages,

23   according to proof;

24   41.    For statutory penalties pursuant to California Labor Code section

25   226(e);

26   42.    For injunctive relief to ensure compliance with this section, pursuant

27   to California Labor Code section 226(h); and

28   43.    For such other and further relief as the Court may deem just and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.

1   proper.

2   ## As to the Eighth Cause of Action

3   44.    That the Court declare, adjudge and decree that Defendants violated

4   California Labor Code section 1174(d) by willfully failing to keep accurate and

5   complete payroll records for Plaintiff and the other class members as required by

6   California Labor Code section 1174(d);

7   45.    For actual, consequential and incidental losses and damages,

8   according to proof;

9   46.    For statutory penalties pursuant to California Labor Code section

10  1174.5; and

11  47.    For such other and further relief as the Court may deem just and

12  proper.

13  ## As to the Ninth Cause of Action

14  48.    That the Court declare, adjudge and decree that Defendants violated

15  California Labor Code sections 2800 and 2802 by willfully failing to reimburse

16  Plaintiff and the other class members for all necessary business-related expenses

17  as required by California Labor Code sections 2800 and 2802;

18  49.    For actual, consequential and incidental losses and damages,

19  according to proof;

20  50.    For the imposition of civil penalties and/or statutory penalties;

21  51.    For reasonable attorneys' fees and costs of suit incurred herein; and

22  52.    For such other and further relief as the Court may deem just and

23  proper.

24  ## As to the Tenth Cause of Action

25  53.    That the Court decree, adjudge and decree that Defendants violated

26  California Business and Professions Code sections 17200, et seq. by failing to

27  provide Plaintiff and the other class members all overtime compensation due to

28  them, failing to provide all meal and rest periods to Plaintiff and the other class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204, failing to pay reporting time pay required by California Labor Code section 1198 and the applicable IWC Wage Order(s), and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

**As to the Eleventh Cause of Action**

58.    For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f), and (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, 2800, 2802, and 2802.1, and the applicable IWC Wage Order(s); and

59.    For such other and further relief as the Court may deem equitable and appropriate.

///
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Dated: February 16, 2024

**LAWYERS *for* JUSTICE, PC**

By: _____

Joanna Ghosh
Selena Matavosian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE §2698 ET SEQ.