# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON RAMIREZ, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>HV GLOBAL MANAGEMENT CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 5:21-cv-09955-BLF<br><br>Honorable Beth Labson Freeman<br>Courtroom 1<br><br>**CLASS ACTION**<br><br>[PROPOSED] **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT**<br><br>Date:          April 17, 2025<br>Time:         9:00 a.m.<br>Courtroom: 1<br><br>Complaint Filed: November 3, 2021<br>FAC Filed:          February 22, 2022<br>SAC Filed:          August 4, 2022<br>TAC Filed:          February 2, 2023<br>FAC Filed:          February 17, 2024<br>Trial Date:         None Set |

This matter has come before the Honorable Beth Labson Freeman whose courtroom is located in Courtroom 1 of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South First Street, 5th Floor, San Jose, California 95113, on Plaintiff Nelson Ramirez ("Plaintiff") Motion for Final Approval of Class Action and PAGA Settlement ("Motion for Final Approval").

On November 20, 2024, the Court entered an Order Granting Preliminary Approval of Class Action and PAGA Settlement (Docket No. 169) ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation of Class Action and PAGA Settlement and Release ("Agreement" or "Settlement Agreement") entered into by and between Plaintiff and Defendant HV Global Management Corporation ("Defendant"), which, together with the exhibits annexed thereto set forth the terms and conditions for settlement of the Action ("Settlement").

Having reviewed the Settlement Agreement and duly considered the parties' papers and oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3. With respect to the Class (as defined below) and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject

1

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT**

matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Class is hereby defined to include:

> All current and former non-exempt employees employed by Defendant in California at any time during the Class Period ("Class" or "Class Members").

4.   The Court confirms Edwin Aiwazian, Joanna Ghosh, and Selena Matavosian of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiff Nelson Ramirez as representative of the Class ("Settlement Class Representative").

5.   The Notice of Proposed Class and Representative PAGA Action Settlement ("Class Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Class Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information. The Court therefore determined that all members of the Class have been given proper and adequate notice of the Settlement.

6.   The Court hereby grants final approval of the Settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Class as a whole. The Court finds that the Settlement satisfies the standards for final

approval of a class action settlement under federal law. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable.  In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel.  The Court has further considered the absence of any objections to the Settlement submitted by Class Members.  Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing.  All Class Members and other persons wishing to be heard have been heard.  The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Class Settlement. Accordingly, the Court determines that all Class Members who did not submit a valid and timely Request For Exclusion ("Settlement Class Members") are bound by the Class Settlement and this Order Granting Final Approval of Class Action and PAGA Settlement ("Final Approval Order and Judgment"), and the State of California and all current and former non-exempt employees employed by Defendant in California at any time during the PAGA Period ("PAGA Group Members") are bound by the PAGA Settlement and this Final Approval Order and Judgment.

///

8.      The Court finds that payment of Settlement Administration Costs in the amount of $7,950.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, ILYM Group, Inc., shall issue payment to itself in the amount of $7,950.00, in accordance with the terms and methodology set forth in the Settlement Agreement.

9.      The Court finds that the allocation of $75,000.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Allocation"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Allocation as follows: the amount of $56,250.00 to the California Labor and Workforce Development Agency ("LWDA") ("LWDA Payment"), and the amount of $18,750.00 ("PAGA Group Civil Penalties Fund") to be distributed to PAGA Group Members, in accordance with the terms and methodology set forth in the Settlement Agreement.

10.     The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released Claims against any and all Released Parties, and PAGA Group Members and the State of California shall be conclusively determined to have given a release of any and all Released Claims against any and all Released Parties, as set forth in the Settlement Agreement and Class Notice.

11.     It is hereby ordered that Defendant shall fund the Gross Settlement Amount, plus the amount of payroll taxes owed by Defendant, within thirty (30) calendar days after the Settlement Administrator advises Defendant of the employer payroll taxes owed, in accordance with the terms and methodology set forth in the Settlement Agreement.

///

///

4

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT**

12. It is hereby ordered that within ten (10) calendar days of the funding of the Gross Settlement Amount, the Settlement Administrator shall distribute: (a) Individual Settlement Payments to Settlement Class Members; (b) Individual PAGA Payments to PAGA Group Members; (c) LWDA Payment to the LWDA; (d) Enhancement Payment to Plaintiff; (e) Attorneys' Fees and Costs to Class Counsel; and (f) Settlement Administration Costs to the Settlement Administrator, in accordance with the terms and methodology set forth in the Settlement Agreement.

13. It is hereby ordered that each Individual Settlement Payment and Individual PAGA Payment will be valid and negotiable for one hundred and eighty (180) calendar days from the date the checks are issued, and thereafter, shall be cancelled. All funds associated with such cancelled checks will be transmitted to the California State Controller Unclaimed Property Fund in the name of the Settlement Class Member or PAGA Group Member for whom the funds are designated, according to the methodology and terms set forth in the Settlement Agreement. Settlement Class Members whose Individual Settlement Payment checks are cancelled shall, nevertheless, be bound to the Class Settlement. PAGA Group Members whose Individual PAGA Payment checks are cancelled shall, nevertheless, be bound to the PAGA Settlement.

14. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

15. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website,

which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATE: April 17, 2025

_____
The Honorable Beth Labson Freeman
Judge of the United States District Court